**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RICKY HILL,<br><br>                Plaintiff,<br><br>v.<br><br>AMB SPORTS & ENTERTAINMENT, LLC (d/b/a Atlanta United FC); INTER MIAMI CF, LLC; LAS VEGAS SOCCER LLC (d/b/a Las Vegas Lights FC); MAJOR LEAGUE SOCCER, LLC; MEMPHIS 901 FC LLC; PRODIGAL SOCCER, LLC (d/b/a OKC Energy FC); TEPPER SPORTS & ENTERTAINMENT (d/b/a Charlotte FC); UNITED SOCCER LEAGUES, LLC,<br><br>                Defendants. | Case No. 1:22-cv-02961<br><br>Judge Jorge L. Alonso<br>Magistrate Judge Jeffrey T. Gilbert |

**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF DEFENDANT MAJOR LEAGUE SOCCER, LLC'S**
**("MLS") MOTION TO DISMISS FOR IMPROPER VENUE AND FAILURE TO STATE**
**A CLAIM, OR ALTERNATIVELY TO SEVER AND TRANSFER PLAINTIFF'S**
**<u>CLAIMS AGAINST MLS TO THE SOUTHERN DISTRICT OF NEW YORK</u>**

## PRELIMINARY STATEMENT

This Court should grant Major League Soccer, LLC's ("MLS") motion to dismiss Plaintiff Ricky Hill's ("Plaintiff") Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a). Plaintiff's opposition ignores that he is the one who bears the burden of demonstrating that venue is proper in this District under the venue provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII")—not MLS. Plaintiff fails to satisfy that burden or offer any new evidence to establish that venue is proper here.

Instead, Plaintiff incorrectly claims that venue is proper in this District solely because Plaintiff resided here at the time the alleged discriminatory decisions were made, even though the law is clear that, under Title VII, venue is proper where the alleged unlawful employment practice occurred, not where Plaintiff allegedly felt the effects of that decision. Plaintiff also has not offered any legal authority to support his position that he states a claim for relief against MLS for discrimination. Rather, Plaintiff impermissibly attempts to amend his Complaint through his opposition brief itself, but even those new allegations fail to state a claim for relief against MLS.

Alternatively, this Court should sever Plaintiff's claims against MLS and transfer them to the Southern District of New York. Notably, Plaintiff did not respond to MLS's argument that joinder of MLS is improper pursuant to Fed. R. Civ. P. 20(a) ("Rule 20(a)") because Plaintiff challenges twelve distinct hiring decisions by six different Defendants (none of which are MLS). Plaintiff has therefore waived any argument that MLS is properly joined in this lawsuit (which it is not), and the Court should sever Plaintiff's claims against MLS as a result. Plaintiff's argument opposing transfer to the Southern District of New York is without merit because Plaintiff incorrectly claims that Plaintiff's choice of forum governs even though he cannot demonstrate any

connection between his claims against MLS and this District.

## LEGAL ARGUMENT

I.    **PLAINTIFF'S CLAIMS AGAINST MLS SHOULD BE DISMISSED.**

   A.    **Plaintiff Cannot Demonstrate that Venue Is Proper in this District.**

Plaintiff does not present any basis for this Court to find that venue is proper in this District. As a threshold matter, Plaintiff ignores that, where, as here, MLS has challenged venue, *Plaintiff* bears the burden of establishing that venue is proper in this District. *See Gwin v. Reynolds & Reynolds Co.*, No. 01-cv-00770, 2001 WL 775969, at *1 (N.D. Ill. July 10, 2001) ("Since [d]efendant has challenged venue, [p]laintiff bears the burden of establishing that venue is proper."). Plaintiff has not offered any additional evidence that could satisfy that burden as a general matter or more specifically, as to MLS.[1] Rather, Plaintiff relies on constrained interpretations of the conclusory allegations in his Complaint in an attempt to convince the Court that venue in this District is proper. (Dkt. 74, "Pl. Br." at 15-20.) None of Plaintiff's arguments satisfy his burden of showing that any alleged unlawful employment practice by MLS occurred in this District.[2]

---

[1] It is unclear whether Plaintiff purports to rely on Exhibit A to Mr. Shebar's declaration in an attempt to satisfy his burden to demonstrate venue is proper in this District. (*See* Dkt. 74-3.) Exhibit A, however, does not contain any information that could render venue proper in this District as to MLS. Rather, the "connections" listed in Exhibit A purport to show that this Court has personal jurisdiction over MLS. MLS has not raised any jurisdictional issue and therefore, any reliance by Plaintiff on Exhibit A to Mr. Shebar's declaration to oppose MLS's motion to dismiss for improper venue is improper. Relatedly, Plaintiff's request for jurisdictional discovery, (Pl. Br. at 13), should not apply to MLS because MLS did not move to dismiss on any jurisdictional grounds and there is no basis for Plaintiff to seek any discovery from MLS regarding any of the Club Defendants' jurisdictional arguments.

[2] Venue in a Title VII action is more narrowly construed than under the general venue statute. As Plaintiff concedes, (Pl. Br. at 16), venue under Title VII is proper only in the judicial district in which (1) "the unlawful employment practice was allegedly committed"; (2) "the employment records relevant to such practice are maintained or administered"; or (3) "the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). Plaintiff only argues that venue is proper under the first factor of this test – *i.e.*,

*First*, Plaintiff's conclusory allegation that some vague and unspecified employment practice by MLS "through its clubs" occurred in this District is insufficient to satisfy his burden because he does not identify any conduct whatsoever by MLS (or any Club Defendants) that occurred in this District. (Pl. Br. at 16.) Instead, Plaintiff incorrectly argues that because he or his agent were allegedly in this District when they provided information to Club Defendants (not MLS), venue is proper here as to MLS.[3] There is no legal support for Plaintiff's position. The case Plaintiff relies on – *Wahba v. Kellogg Co.*, No. 12-cv-06975, 2013 WL 1611346 (N.D. Ill. Apr. 12, 2013) – does not support his position that venue is proper in this District as to MLS.

In *Wahba,* the court ultimately found that venue was improper in this District, because although the plaintiff had a telephone interview while he was in Chicago, he ultimately had an in-person interview in Michigan after which his application was rejected and he would have worked in Michigan if hired for any of the positions in question. The court ultimately found that the alleged unlawful employment practice was committed – and venue was proper – in Michigan, not Chicago. While Plaintiff asks this Court to interpret *Wahba* to mean that venue is proper in this District because Plaintiff "provided his information to each [MLS] club while he was in Chicago," *Wahba* did not hold that an unlawful employment practice is committed in the location where a plaintiff provides information to a prospective employer. *See id.* at *1-2. Rather, it stands for the well-accepted proposition that an unlawful employment practice is committed in the location where the challenged employment decision was made. (*See* p. 4-5, *infra*.)

---

Plaintiff argues that the alleged unlawful employment practices were "committed" in this District.

[3] Notably, there is no allegation in the Complaint that Plaintiff provided information to any Defendants while he was in Chicago, and cannot amend his Complaint through his opposition brief. *See Judge v. Unigroup, Inc.*, 16-cv-06884, 2017 WL 345561, at *2 (N.D. Ill. Jan. 24, 2017) ("A party opposing a motion to dismiss may not amend the complaint through arguments made in a brief.") *Cf.* n.4, *infra* (The only additional evidence Plaintiff submitted in opposition to Defendants' motions was regarding his agent allegedly providing information to Club Defendants.)

Even if *Wahba* did stand for the proposition Plaintiff claims it does, it would not support Plaintiff's argument that venue is proper in this District as to MLS because he acknowledges that he did not apply for any positions with MLS and does not allege that he provided any information to MLS or interacted with MLS at all while he was in Chicago.[4] Nor does Plaintiff provide any authority for his position that any alleged conduct by any Club Defendants in which MLS did not participate could render venue proper as to MLS in this District.[5]

*Second*, Plaintiff's argument that venue is proper in this District because he allegedly "'suffered from the unlawful employment practice' . . . [in] Chicago" (Pl. Br. at 18 (citation omitted)) is without merit. The law is clear that venue under Title VII is proper where the unlawful employment practice was allegedly ***committed*** – *i.e.*, "'where the decisions and actions concerning the employment practice occurred,' ***not the location where the plaintiff received notice of a defendant's conduct or suffered from its effects***." *Moore v. City of Kankakee*, 14-cv-05440, 2015 WL 2455116, at *2 (N.D. Ill. May 22, 2015) (emphasis added). *See also id.* (rejecting plaintiff's argument that venue was proper in the Northern District of Illinois because he was at his home in that district when he was notified of his termination because "taken to its logical extreme, [plaintiff's] notice argument would create venue anywhere where a plaintiff received a termination phone call or email – again, an outcome that extends venue beyond the plain language of the

---

[4] The only evidence Plaintiff offers is regarding his agent's contact with Club Defendants. (*See* Dkt. 74-1 ¶ 1 (Plaintiff's agent claims that he was "a resident of Chicago, Illinois, and, unless otherwise noted herein, was situated in Illinois when making and receiving communications from the ***Club Defendants***.") (emphasis added).)

[5] Plaintiff's reliance on dicta from cases discussing MLS's single-entity structure do not support Plaintiff's position because none of these cases stand for the proposition that venue is proper against MLS in this instance – where each Club engaged in its own individualized hiring decisions and where none of those alleged decisions occurred within this District. *See, e.g.*, *Nowak v. Major League Soccer, LLC*, No. 14-cv-03503, 2015 WL 12803590 (E.D. Pa. July 20, 2015) (granting MLS's motion to dismiss for lack of subject matter jurisdiction where there was no complete diversity between the plaintiff and MLS because both were considered citizens of Pennsylvania).

statute"); *Gwin*, 2001 WL 775969, at *1 ("[T]o determine where the alleged practice occurred, this Court must look to the location of where the decisions and actions regarding the employment practices took place."); *Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (affirming determination that Title VII claims were filed in improper venue as chosen venue was not "the location where [the plaintiff's] personnel records were maintained . . ., where the alleged adverse employment actions occurred, or where he would have worked, but for an unlawful employment practice").[6]

*Third*, Plaintiff's argument that "MLS's claim of improper venue for Plaintiff's Title VII claim is contrary to public policy[,]" (Pl. Br. at 20), ignores that Plaintiff is the one who bears the burden of establishing proper venue. Moreover, the case that Plaintiff cites in support of this argument – *Luderus v. U.S. Helicopters, Inc*. No. 12-cv-05094, 2013 WL 677814 (N.D. Ill. Feb. 25, 2013) – is inapposite, as it holds that a forum selection provision in an employment contract cannot override Title VII's venue provision. There is no forum selection provision at issue in the instant case, and MLS is asking this Court to enforce Title VII's venue provision (not override it).

*Fourth*, Plaintiff's argument that the Court should deny MLS's motion to dismiss for improper venue because "MLS has asserted no viable basis for venue" where he could bring his claims, (Pl. Br. at 21), is without merit. Again, Plaintiff ignores that he, not MLS, bears the burden

---

[6] Citing *Williams v. American College of Education, Inc*., No. 16-cv-11746, 2017 WL 2424227, at *6 (N.D. Ill. June 5, 2017), Plaintiff incorrectly contends that "for venue purposes," an allegedly unlawful employment practice "takes place where the plaintiff is located" because "the effects of" the unlawful employment practice are felt by a plaintiff where he or she "'live[s] and work[s],' not at the location of the [defendant's] corporate headquarters." (Pl. Br. at 15, 18.) Plaintiff's reliance on *Williams* is misplaced. First, Plaintiff misstates the holding in *Williams* because the court did not conclude that venue is proper where a plaintiff feels the effects of an allegedly unlawful employment practice. Rather, the court found that venue was proper in this District because Plaintiff would have worked in Illinois but for the defendant's alleged unlawful employment practice. That is not the case here. Then, in declining to transfer the case, the court concluded that this District was also a "situs of material events" because the plaintiff "lived and worked in Illinois and felt the effects of [the defendant's] unlawful conduct here." *Id*. (alteration in original).

of establishing proper venue. Plaintiff filed this case in this District but cannot demonstrate that venue is proper here and his Complaint (and particularly his claims against MLS) should be dismissed as a result.

*Finally*, Plaintiff's argument that venue is not proper in the Southern District of New York is inappropriate as it fails to address MLS's motion to dismiss because venue is improper in *this* District. Regardless, as explained in MLS's moving brief and in Section II, *infra*, if this Court does not dismiss Plaintiff's claims against MLS due to improper venue, the Court should transfer them to the Southern District of New York where MLS is headquartered and where any purported employment practice at issue would have occurred.[7]

### B.    Plaintiff Fails to State a Claim for Discrimination Against MLS.

In his opposition, Plaintiff acknowledges that MLS did not discriminate against him or participate in any alleged discriminatory acts. Indeed, Plaintiff concedes that he never applied for a position with MLS and does not allege that he interacted with anyone at MLS. (Pl. Br. at 26 ("Plaintiff did not directly apply for a position with the league entity, MLS . . . .").) Plaintiff, however, maintains that his conclusory and/or unspecified allegations "relating to MLS's ability and authority to make policies that are binding on the clubs and to change discriminatory hiring practices" are sufficient to state a claim of discrimination against MLS. (*Id.* at 25.) Plaintiff is incorrect. *See Dixon v. CMS of Ill.*, No. 14-cv-04986, 2015 WL 6701771, at *3 (N.D. Ill. Nov. 3,

---

[7] While Plaintiff contends that venue is improper where a corporate defendant is located, relying on *Doe #1 v. JetBlue Airways Corp.*, No. 19-cv-01542, 2020 WL 4605216 (E.D.N.Y. Aug. 11, 2020), Plaintiff mischaracterizes the holding in that case. (Pl. Br. at 21-22.) The plaintiffs in *Doe #1* filed a lawsuit in New York against JetBlue and two pilots for alleged sexual assault that occurred in Puerto Rico and Boston. The plaintiffs alleged that venue was proper because JetBlue was headquartered in New York. The court found that venue in New York was improper because the alleged unlawful employment practices did not occur in New York but rather in either Massachusetts or Puerto Rico. Here, Plaintiff does not allege that MLS committed any unlawful employment practice in this District; instead, any alleged unlawful employment practice by MLS would have occurred in New York because that is where MLS's employees are located.

2015) (Alonso, J.) (dismissing *pro se* plaintiff's failure to hire claim because he failed to allege how the defendant allegedly discriminated against him). Notably, Plaintiff, does not cite any legal authority in support of his position, nor does he allege that MLS actually made any purported policies that resulted in or contributed to any alleged discrimination by any of the Club Defendants against him. Accordingly, Plaintiff fails to state a claim for discrimination against MLS.[8]

Recognizing that MLS did not actually engage in any alleged discrimination against him, Plaintiff now alleges for the first time in his opposition that MLS could be held vicariously liable for the acts of its member clubs on a veil-piercing or other vicarious liability theory because of the "shared ownership structure of MLS and its clubs and MLS's admitted control over player contracts . . . ." (Pl. Br. at 26.) Plaintiff's argument fails for several independent reasons.

As a threshold matter, Plaintiff's Complaint is devoid of these allegations, and his improper attempt to amend his Complaint through his opposition should be rejected. *See Obazuaye v. Ill. Dep't of Hum. Servs.*, No. 21-cv-03132, 2021 WL 5204700, at *2 (N.D. Ill. Nov. 9, 2021) (Alonso, J.) (refusing to consider plaintiff's additional allegations made in response to the defendants' motion to dismiss). Regardless, Plaintiff's opposition does not allege that MLS had any involvement or "control" over the hiring decisions of coaches or academy directors by any Club Defendants, and any purported control over *player* contracts is irrelevant.[9] Nor does Plaintiff allege that MLS engaged in any actual behavior intended to promote alleged discriminatory

---

[8] Now that Plaintiff has withdrawn his claim under the Illinois Human Rights Act, (Pl. Br. at 10), he cannot pursue an aiding and abetting claim because neither Title VII nor Section 1981 recognize such a claim. *See Aku v. Chi. Tchrs. Union*, No. 17-cv-01229, 2017 WL 8186993, at *3 (N.D. Ill. Dec. 12, 2017) (Title VII); *Raghavendra v. NLRB*, No. 08-cv-08120, 2009 WL 5908013, at *17-22 (S.D.N.Y. Aug. 27, 2009) (Section 1981).

[9] Plaintiff's contention that he "describe[s] MLS as an employer of 'technical staff and other employees,'" that engages in league-wide (*i.e.*, interstate) initiatives affecting commerce" is incorrect. (Pl. Br. at 26.) No such allegation exists in the Complaint.

conduct by the Club Defendants.

Finally, Plaintiff's reliance on *Summerland v. Exelon Generation Co.*, 510 F. Supp. 3d 619 (N.D. Ill. 2020) is misplaced because neither the court's decision in *Summerland* nor the case law discussed therein provides any basis for vicarious liability.[10] Indeed, for vicarious liability to be warranted, a plaintiff must allege that a defendant either (i) engaged in the type of behavior that would warrant veil-piercing by a creditor, (ii) purposefully splintered its enterprise in an effort to avoid liability under federal anti-discrimination law, or (iii) directed the allegedly discriminatory decisions. *See Papa v. Katy Indus.*, 166 F.3d 937, 940-41 (7th Cir. 1999). None of those three circumstances is present here.

Accordingly, this Court should dismiss Plaintiff's claims against MLS pursuant to Fed. R. Civ. P. 12(b)(6) and 8(a). The Court should also deny Plaintiff's request in his opposition brief to amend his Complaint, (Pl. Br. at 29), because it is procedurally improper and he has otherwise failed to present any legal or factual basis that would justify leave to amend. *See Bausch v. Stryker Corp.*, No. 08-cv-04248, 2009 WL 2827954, at *2 (N.D. Ill. Aug. 31, 2009) (one sentence request for leave to amend in opposition to defendants' motions to dismiss was improper and failed to include any details of the proposed amendment).

---

[10] The facts in *Summerland* are also distinguishable because in that case, the plaintiff sued Exelon and two of its contractors for violations of the Family Medical Leave Act and the Americans with Disabilities Act, and the court denied the defendants' motions to dismiss because the plaintiff alleged that the contractors had the authority to terminate her employment and specifically committed various acts of discrimination and retaliation. Here, however, Plaintiff does not allege any such involvement by MLS in the hiring decisions at issue.

## II. ALTERNATIVELY, PLAINTIFF'S CLAIMS AGAINST MLS SHOULD BE SEVERED AND TRANSFERRED TO THE SOUTHERN DISTRICT OF NEW YORK.

### A. Plaintiff Has Waived Any Argument in Support of Joinder of MLS in this Action.

In his opposition, Plaintiff does not respond to MLS's argument that joinder of MLS is improper under Rule 20(a) where Plaintiff challenges twelve separate hiring decisions by six different organizations and fails to allege MLS's involvement in any of those decisions. (Dkt. 50-1, "MLS Br." at 8.) Plaintiff has therefore waived any argument that joinder is proper because he fails to explain how his claims against MLS arise out of the same transaction or occurrence as his allegations against the other Defendants or how they could purportedly raise common questions of law or facts that are common to all Defendants sufficient to satisfy Rule 20(a). Plaintiff has therefore waived any argument that he has satisfied either requirement for joinder under Rule 20(a). *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (plaintiff's failure to respond to the defendant's specific arguments in its motion to dismiss amounted to waiver). Accordingly, the Court should sever Plaintiff's claims against MLS for the reasons set forth in MLS's moving brief. (MLS Br. at 8-12.)

### B. Plaintiff's Severed Claims Against MLS Should Be Transferred to the Southern District of New York.

Plaintiff incorrectly contends that transfer of his claims against MLS to the Southern District of New York is improper because "[t]he Northern District of Illinois is Plaintiff's chosen forum and is entitled to very significant weight." (Pl. Br. at 23.) Plaintiff ignores that, where, as here, "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has ***minimal value***." *Esposito v. Airbnb Action, LLC*, 538 F. Supp. 3d 844, 848 (N.D. Ill. 2020) (Alonso, J.) (emphasis added) (citation omitted); (*See*

MLS Br. at 13-14 n.12.)[11]  As explained in Section, I.A., *supra*, Plaintiff does not allege that MLS committed any purported employment practice concerning him in this District and only contends that he allegedly felt the effects of the Club Defendants' refusal to hire him in this District.[12]  As a result, the only plausible venue for any discrimination claim by Plaintiff against MLS is the Southern District of New York – where MLS is headquartered, *i.e.*, where any purported employment practices by MLS would have occurred or relevant employment records would have been maintained.

Furthermore, two other factors weigh in favor of transfer to the Southern District of New York.  First, the convenience of the witnesses and parties weighs in favor of transfer to the Southern District of New York because MLS's corporate employees who would be responsible for or involved in making any hiring policies or decisions will largely be located in or around New York.  Plaintiff's argument that this factor is neutral because depositions can be conducted remotely and one party or another will have to travel for the trial ignores that MLS is a corporate entity and that there would likely be more than one witness from MLS at any trial.[13]  *See Simonian*

---

[11] Plaintiff cites *Williams*, 2017 WL 2424227, at *6, in support of his argument that his choice of forum is entitled significant weight.  (Pl. Br. at 15, 18-19.)  *Williams*, however, is distinguishable.  In *Williams*, the choice-of-forum factor weighed in the plaintiff's favor because the plaintiff worked for the defendant in this District, and thus there was a connection between the plaintiff's claims and his chosen forum.  Here, Plaintiff does not allege that he ever worked for, or sought to work for, any Defendant in this District—nor could he, as none of the Defendants are located in this District.

[12] As explained in Section I.A., *supra*, this is insufficient to properly establish venue in this District under Title VII.

[13] Plaintiff's reference to forum non conveniens is misplaced because "[t]he doctrine of forum non conveniens is a judge-made doctrine that allows a court discretion to dismiss a case where (1) an alternate forum can hear the case and (2) trial in the plaintiff's chosen forum is oppressive and vexatious to a defendant out of proportion to the convenience to the plaintiff."  *DeliverMed Holdings, LLC v. Schaltenbrand*, Nos. 10-cv-00684, 10-cv-00685, 2011 WL 2134343, at *11 (S.D. Ill. May 27, 2011).  Where, as here, Plaintiff is opposing MLS's motion to dismiss, this doctrine does not apply.  Nor would Plaintiff be able to successfully invoke this doctrine in the Southern District of New York because he contends that the factor regarding convenience to the parties is neutral.  (Pl. Br. at 24.)  It is also not clear whether Plaintiff currently resides in this District.

*v. Monster Cable Prods.*, 821 F. Supp. 2d 996, 999 (N.D. Ill. 2010) (transferring case where California company's executives and employees "would incur significant travel and lodging expenses (and miss work hours) to attend a trial in Chicago").  Additionally, the public interest weighs in favor of transfer to the Southern District of New York because a New York court has more of an interest than an Illinois court in resolving any claims that Plaintiff has against MLS as MLS's ties to New York are well-established and significant while the only alleged connection between this forum and Plaintiff's claims is that Plaintiff allegedly resided here when any purported claim accrued. *See Wash. Nat'l Life Ins. Co. v. Calcasieu Par. Sch. Bd.*, 05-cv-02551, 2006 WL 1215413, at *13 (N.D. Ill. May 2, 2006) (transfer appropriate where "the only meaningful connections between this controversy and Illinois [is] that it is Plaintiff's home state . . . .").  Plaintiff does not meaningfully address this argument in his opposition, and instead repeats his erroneous position that the interests of justice weigh in favor of litigating in this forum simply because Plaintiff chose it.

Accordingly, the convenience of the parties and witnesses and interests of justice weigh in favor of transferring Plaintiff's claims against MLS to the Southern District of New York.

## CONCLUSION

For all of the foregoing reasons, as well as those set forth in MLS's Moving Brief and declarations in support thereof (MLS Br.; Dkt. 50-2; Dkt. 50-3), MLS respectfully requests that this Court enter an order dismissing this action against MLS or alternatively, severing Plaintiff's claims against MLS and transferring them to the Southern District of New York.  The Court should also deny Plaintiff's requests to amend his Complaint and for any jurisdictional discovery from MLS and grant such other and further relief as it deems just and proper.

DATED: November 21, 2022

MAJOR LEAGUE SOCCER, LLC

By: */s/ Elise M. Bloom*
Elise M. Bloom (*pro hac vice*)
Noa M. Baddish (*pro hac vice*)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Tel.: (212) 969-3000
Fax: (212) 969-2900
ebloom@proskauer.com
nbaddish@proskauer.com

Steven J. Pearlman
PROSKAUER ROSE LLP
70 West Madison
Suite 3800
Chicago, Illinois 60602
Phone: (312) 962-3550
Fax: (312) 962-3551
spearlman@proskauer.com

*Attorneys for MLS*

## CERTIFICATE OF SERVICE

I, Elise M. Bloom, one of the attorneys for MLS, hereby certify that on November 21,

2022, I caused a copy of the foregoing to be served electronically upon all the counsel of record

listed below via the Court's ECF System:

Sean M. Libby
ELARBEE, THOMPSON, SAPP & WILSON LLP
libby@elarbeethompson.com
*Attorney for AMB Sports & Entertainment, LLC*

Michael A. Warner, Jr.
FRANCZEK RADELET PC
maw@franczek.com
*Attorney for AMB Sports & Entertainment, LLC*
*and Tepper Sports & Entertainment*

Becky Lynn Kalas
FORD & HARRISON LLP
bkalas@fordharrison.com
*Attorney for AMB Sports & Entertainment, LLC*
*and Tepper Sports & Entertainment*

Daniel F. Lanciloti
Craig R. Annunziata
James M. Hux
FISHER & PHILLIPS LLP
dlanciloti@fisherphillips.com
cannunziata@fisherphillips.com
jhux@fisherphillips.com
*Attorneys for Inter Miami CF, LLC*

Renee L. Koehler
Stephanie Melissa Gomberg Dinkel
KOEHLER DINKEL LLC
rkoehler@kdllclaw.com
sdinkel@kdllclaw.com
*Attorneys for Las Vegas Soccer LLC*

Angie Davis
Dean Shauger
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
angiedavis@bakerdonelson.com
dshauger@bakerdonelson.com
*Attorneys for Memphis 901 FC LLC*

13

Kamau A. Coar
Laura Beth Bacon
NIXON PEABODY LLP
kcoar@nixonpeabody.com
lbbacon@nixonpeabody.com
*Attorneys for Memphis 901 FC LLC*

Benjamin L. Riddle
Michael Andrew Furlong
STEPTOE & JOHNSON PLLC
benjamin.riddle@steptoe-johnson.com
michael.furlong@steptoe-johnson.com
*Attorneys for Prodigal Soccer, LLC*

James Michael Rozak
GOLDBERG SEGALLA, LLP
jrozak@goldbergsegalla.com
*Attorney for Prodigal Soccer, LLC*

Benjamin Paul Fryer
FORD & HARRISON LLP
bfryer@fordharrison.com
*Attorney for Tepper Sports & Entertainment*

Carrie A. Durkin
Alexandria Suzanne Huiskens
LITCHFIELD CAVO LLP
durkin@litchfieldcavo.com
huiskens@litchfieldcavo.com
*Attorneys for United Soccer Leagues, LLC*


*/s/ Elise M. Bloom*
Elise M. Bloom