IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY HILL<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMB SPORTS & ENTERTAINMENT, LLC (d/b/a Atlanta United FC); INTER MIAMI CF, LLC; LAS VEGAS SOCCER LLC (d/b/a Las Vegas Lights FC); MAJOR LEAGUE SOCCER, LLC; MEMPHIS 901 FC LLC; PRODIGAL SOCCER, LLC (d/b/a OKC Energy FC); TEPPER SPORTS &ENTERTAINMENT (d/b/a Charlotte FC); UNITED SOCCER LEAGUES, LLC,<br><br>　　　　Defendants. | Case No. 1-22-cv-02961 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**<u>DEFENDANT MEMPHIS 901 FC LLC'S MOTION TO DISMISS</u>**

Defendant Memphis 901 FC LLC, through undersigned Counsel, hereby files this Reply Memorandum in Support of its Motion to Dismiss, and in support, states as follows:

**I.　　Introduction**

On August 17, 2022, Defendant Memphis 901 FC filed a Motion to Dismiss Plaintiff's Complaint in its entirety because the Court does not have personal jurisdiction over Memphis 901 FC. In the alternative, Memphis 901 FC moved the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to: (i) partially dismiss Count One of Plaintiff's Complaint ("Discrimination on the Basis of Race and/or Color in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ('Title VII')") to the extent Plaintiff relies on time-barred allegations; and (ii) dismiss Count Two of Plaintiff's Complaint ("Violation of the Illinois Human Rights Act, 775

ILCS 5/101 et seq. (the 'IHRA')") because Plaintiff failed to sufficiently allege that he exhausted his administrative remedies or that Memphis 901 FC is an "employer" for purposes of the IHRA.

Plaintiff filed his Opposition to the Motion on October 25, 2022. In his Opposition, Plaintiff voluntarily withdrew Count II of his Complaint (the IHRA claim). With respect to Memphis 901 FC's jurisdictional arguments, Plaintiff asserts that: (i) Memphis 901 FC is subject to the Court's general jurisdiction because it "maintains continuous and substantial business relationships and activities directed at Illinois, such that the exercise of personal jurisdiction over each of them comports with traditional notions of fair play and substantial justice;" and (ii) Memphis 901 FC is subject to the Court's specific jurisdiction under the Illinois long-arm statute because Memphis 901 FC committed a tort in Illinois. In the alternative, Plaintiff seeks jurisdictional discovery. With respect to Plaintiff's Title VII claim, Plaintiff contends that the time-barred allegations "are included as relevant background facts in support of, for example, a pattern-or-practice claim of discrimination."

As laid out in more detail below, Memphis 901 FC's Motion should be granted because Plaintiff has not met his burden of demonstrating that Memphis 901 FC has a connection with Illinois so "continuous and systematic" as to render it essentially "at home" in Illinois, sufficient to establish general jurisdiction. Nor has Plaintiff established that the Court has specific jurisdiction over Memphis 901 FC under the Illinois long-arm statute because, to the extent any tort was committed, it was not committed in Illinois. Additionally, Plaintiff's request for jurisdictional discovery should be denied because the request is improper and because Plaintiff has not otherwise demonstrated facts sufficient to demonstrate the need for jurisdictional discovery. Even if the Court were to consider Plaintiff's request, it should be denied because the lack of personal jurisdiction is clear and jurisdictional discovery would serve no purpose. Finally, Plaintiff

concedes that his time-barred allegations under Title VII are not actionable and are included only as "relevant background facts in support of, for example, a pattern-or-practice claim of discrimination." However, Plaintiff's Complaint does not allege a "pattern-or-practice" claim of discrimination. Therefore, Memphis 901 FC's Motion to dismiss these allegations should be granted.

II.     Argument

    a. **Plaintiff has Failed to Establish that this Court has General Jurisdiction over Memphis 901 FC.**

Memphis 901 FC does not and has not had continuous and systematic contacts with Illinois so as to otherwise subject it to general personal jurisdiction in this State. In attempting but failing to demonstrate otherwise, Plaintiff submitted Exhibit A to the Declaration of Steven Shebar, which contends that the Court has general jurisdiction over Memphis 901 FC based on the following contacts: (1) Recruited Patrick Seagrist (Barrington, IL) and Derek Dodson (Aurora, IL); (2) Borrowed Andre Reynolds II (Chicago, IL) from Chicago Fire for 2021 season; (3) Borrowed Elliot Collier from Chicago Fire for 2019 season; (4) Online merchandise offered for sale to Illinois residents; and (4) Job postings offered to Illinois residents. *See* Exhibit A to Declaration of Steven Shebar at 3. Accepting each of these allegations as true, none of these facts, in whole or in part, subject Memphis 901 FC to personal jurisdiction in Illinois. Even as a whole, they do not demonstrate connection with Illinois so "continuous and systematic" as to render Memphis 901 FC essentially "at home" in this state.[1] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564

---

[1] In addition to the alleged "facts" in Shebar's Declaration, Plaintiff also appears to rely on certain "facts" that are included in his Opposition to establish jurisdiction such as: (1) that the United States Soccer Federation, which is the governing body of the sport in the US and sanctions the United Soccer League, is headquartered in Chicago, and (2) the USL "is firmly embedded Illinois and derives continuous, substantial revenues from its multiple soccer clubs here." *See* Opposition at 8-10. However, Plaintiff does not allege these facts in either the Complaint or the affidavits submitted with his Opposition. Rather, Plaintiff plainly asserts these alleged unsupported facts in his Opposition. This is insufficient because in ruling on a motion under F.R.C.P 12(b)(2) a Court must only rely on allegations in the Complaint and affidavits submitted by the parties. *See Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir.

3

U.S. 915, 919 (2011) (*citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Indeed, "[s]poradic, or even frequent, transactions within a state are not sufficient to give rise to general personal jurisdiction; rather, the entity must be so enmeshed in the forum state that it may be 'fairly regarded as at home' there." *Clover Techs. Grp., LLC v. Oxford Aviation, Inc.*, 993 F. Supp. 2d 872, 879–80 (N.D. Ill. 2013) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)).

For example, in *Clover Techs. Grp., LLC v. Oxford Aviation, Inc.*, this Court found that a Maine-based aircraft repair station was not subject to general jurisdiction in Illinois even though the Company had three Illinois-based customers, as well as an interactive website that was accessible to individuals in Illinois. 993 F. Supp. 2d 872, 879–80 (N.D. Ill. 2013). Specifically, the Court explained: "Oxford's three Illinois customers do not constitute 'continuous and systemic' contacts with the forum state . . . . The uncontested facts in both affidavits make very clear that Oxford Aviation and Horowitz could not be 'fairly regarded as at home in Illinois' as their contact with the state has been sporadic and isolated to individual transactions." *Id.* at 880. Similarly here, the transactions Plaintiff lists regarding Memphis 901 FC borrowing two players

---

1983). To the extent Plaintiff is trying to impute the actions of the United States Soccer Federation or USL onto Memphis 901 FC in order to establish jurisdiction, Plaintiff's argument is clearly insufficient. Courts have routinely held that a professional sports team's relationship with a league or governing body is insufficient, on its own, to establish general jurisdiction. See, *In re Nat'l Hockey League Players' Concussion Injury Litig.*, 2019 WL 5079980, at *4 (D. Minn. Oct. 10, 2019) (finding NHL's franchise club and team in Minnesota insufficient to confer general jurisdiction because NHL has clubs and teams in several other states); *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 465, 469 (1st Cir. 1990) ("the legal/institutional relationship between an unincorporated association and its members [does not] suffice to establish jurisdiction" where (1) the in-forum members merely reimburse the unincorporated association for certain auxiliary benefits and utilize the national association's logo, and (2) the unincorporated association does not substantially influence the in-forum members' decision-making. ); *Davis v. Billick*, No. CIV.A. 301CV1964D, 2002 WL 1398560, at *5 (N.D. Tex. June 26, 2002) ("The decision of the NFL to schedule various league meetings in Texas is insufficient to establish general jurisdiction over BRI. Attendance at such meetings in Texas is not continuous, because the meetings are held in different states at different times. Nor is it a systematic contact with Texas, since BRI only attends because the NFL has made an independent decision to locate meetings in Texas at particular times."). Indeed, these bald allegations of a relationship between U.S. Soccer, the USL, and Memphis 901 FC do not demonstrate a connection with Illinois so "continuous and systematic" as to render Memphis 901 FC essentially "at home" in this state.

4

from Chicago Fire, as well as recruiting two players from Illinois, are "individual transactions" insufficient to make Memphis 901 FC "fairly regarded as at home in Illinois."

Moreover, Plaintiff's allegations that Memphis 901 FC is subject to general jurisdiction in Illinois because it has online merchandise offered for sale to Illinois residents and job postings offered to Illinois residents is similarly insufficient. It must be noted that the online merchandise and job postings are not directed to Illinois residents but rather generally available to anyone on the internet. The Seventh Circuit has held that even interactive websites that allow for sporadic sales of materials to Illinois residents are not sufficient to establish general personal jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 701–02 (7th Cir. 2010); *Original Creations, Inc. v. Ready Am. Inc.*, 836 F.Supp. 2d 711, 715 (N.D. Ill. 2011) (Seventh Circuit law makes it clear than even "Internet sales," without something more, are not enough). Tellingly, Plaintiff has not cited a single case in which a court exercised general personal jurisdiction based on similar contacts with a forum state. Accordingly, the Court does not have general personal jurisdiction over Memphis 901 FC and Memphis 901 FC should be dismissed from this lawsuit.

    **b. Plaintiff has Failed to Establish that this Court has Specific Jurisdiction over Memphis 901 FC.**

Plaintiff, in the absence of general personal jurisdiction, must show that Memphis 901 FC is subject to specific personal jurisdiction. To do so, Plaintiff must show, among other factors, that Memphis 901 FC purposefully availed itself to the privilege of acting in the forum state. Plaintiff has failed to do so.

In its Motion, Memphis 901 FC relied on *Eiler v. S.D. Human Servs. Ctr.*, 736 Fed. App'x 145 (7th Cir. 2018), a factually similar case to the one at bar, arguing that the Illinois long-arm statute does not confer the Court with specific jurisdiction over Memphis 901 FC because Memphis 901 FC did not initiate contact with anyone in Illinois. In his Opposition, Plaintiff

contends that Memphis 901 FC's reliance on *Eiler* is misplaced because "*Eiler* involves a different section of the Illinois long-arm statute, 735 ILCS 5/2-209(c), rather than the applicable section 209(a)(2), which addresses jurisdiction arising from a tort committed in the State." Opposition at 14. Plaintiff argues that Memphis 901 FC is subject to specific-jurisdiction under the Illinois long-arm statute on the basis that Memphis 901 FC committed a tort in Illinois. Specifically, Plaintiff argues that Memphis 901 FC committed a tort in Illinois when Memphis 901 FC informed Hill's representative, Kieren Keane, "Thanks for reaching out. We are in the final stages of the process for interviewing head coaches so we aren't looking at any other applicants at this point unfortunately. We will keep you in mind in the future and let you know if anything changes." *See*, Opposition at 6; 15. Plaintiff bases his argument on a case that held that the federal employment discrimination laws created "statutory torts," and another case that found *for venue purposes*, that a discriminatory termination occurred where the plaintiff was located, because that is where the effects of the discrimination were felt. *See* Opposition at 15. Plaintiff did not cite a single case in which a court exercised specific personal jurisdiction on the basis of a company committing a tort in Illinois for failing to hire an individual who lived in Illinois.

 Importantly, this Court has already rejected Plaintiff's argument in *Davis v. Pierce*, 2007 WL 9814709 (N.D. Ill. May 10, 2007). In *Davis*, a resident of Illinois filed suit in the Northern District of Illinois alleging discriminatory hiring practices. *Id.* at *1. Defendant moved to dismiss under FRCP 12(b)(2). Plaintiff argued that the "Court may exercise jurisdiction over Defendant [Boren] because he committed a tort in Illinois when he discriminated against Plaintiff, an Illinois citizen." *Id.* at *6. Plaintiff argued that the tort occurred in Illinois because Defendant sent a rejection letter and e-mail to Plaintiff who was in Illinois. As such, "Plaintiff contends that because he felt the emotional and financial harm from Boren's alleged discrimination in Illinois, his

6

complaint alleges an Illinois tort." *Id.* However, the Court disagreed and explained that "[i]n the specific employment discrimination context currently before the Court, courts must look not to the site of the injury, but to the location of where the decisions and actions regarding the employment practices took place." *Id.* "The decisions and actions regarding the allegedly discriminatory employment practices occurred in Indiana." *Id.* "The letter and email that Plaintiff received in Illinois were simply documentation of a decision that Boren had already made in Indiana." *Id.* Accordingly, to the extent any tort was committed, it was committed in Tennessee, not Illinois. Therefore, there is no basis for jurisdiction under the Illinois long-arm statute.

Even if the Court were to find that Memphis 901 FC is subject to the Court's long-arm jurisdiction as Plaintiff contends, the inquiry does not end there. Rather, "[e]ven assuming arguendo that the defendant's activities did constitute the transaction of business or the commission of a tortious act within this State, the fact that jurisdiction may be predicated under the long arm statute does not necessarily mean that jurisdiction over this defendant is proper. The exercise of jurisdiction over this defendant must comport with the principles of due process." *Wiles v. Morita Iron Works Co.*, 125 Ill. 2d 144, 149, 530 N.E.2d 1382, 1384–85 (1988). Plaintiff makes no argument in his Opposition that specific jurisdiction in this situation comports with the principles of due process. As such, Plaintiff has failed to meet his burden that specific jurisdiction exists.

Therefore, the Court does not have personal jurisdiction over Memphis 901 FC, and Memphis 901 FC should be dismissed from this action.

    **c. Plaintiff is Not Entitled to Jurisdictional Discovery.**

        **i. Plaintiff has not properly requested jurisdictional discovery.**

Plaintiff argues that, in the alternative, the Court should order jurisdictional discovery. However, the Court should not grant Plaintiff's request for jurisdictional discovery because it is improper. In *In re Honey Transshipping Litig.*, this Court held that "a request for jurisdictional

7

discovery buried in a response brief, rather than presented properly as a motion, guarantees that the request will not come to the court's attention until the court is fully engaged in deciding the motion to dismiss. At that point, the request comes too late. There is an appropriate way to request discovery, but that is not what the class plaintiffs have done here." 87 F. Supp. 3d 855, 874 (N.D. Ill. 2015) (*citing Nelson v. Bulso*, 149 F.3d 701, 705–06 (7th Cir.1998) (affirming district court's denial of plaintiff's request for jurisdictional discovery that was made via a "motion for leave to file a surreply brief")). Here, as in *In re Honey Transshipping Litig.,* Plaintiff's request for jurisdictional discovery is buried in his response brief, rather than properly presented as a motion. Accordingly, Plaintiff's request for jurisdictional discovery should be denied.

### ii. Plaintiff's request for jurisdictional discovery should be denied because he has not demonstrated a need for jurisdictional discovery.

"Although it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists, a court is not obligated to so allow when the plaintiff fails to make even a prima facie case that jurisdiction exists." *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (Table), 2000 WL 1909678, at *3 (7th Cir. Dec. 29, 2000). The Seventh Circuit has held that, "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 946 (7th Cir. 2000). When the lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted. *Sanderson*, 2000 WL 1909678, at *3 (citations omitted).

Here, Plaintiff requests jurisdictional discovery on a number of topics he believes will demonstrate that Memphis 901 FC is subject to general jurisdiction in Illinois. However, there is no basis in the record to suspect that discovery would identify any other relevant contacts between

8

Memphis 901 FC and Illinois. See, e.g., *John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC*, No. 16-CV-05918, 2017 WL 1093150, at *12 (N.D. Ill. Mar. 23, 2017), *aff'd sub nom. John Crane, Inc. v. Shein L. Ctr., Ltd.*, 891 F.3d 692 (7th Cir. 2018). With respect to specific jurisdiction, Plaintiff is presumably aware of all of Memphis 901 FC's contacts with Illinois and has already alleged those contacts in his Complaint. Accordingly, no discovery is needed with regard to specific jurisdiction. *See*, *id.*

With respect to discovery regarding general jurisdiction, Plaintiff has not even made a colorable showing that Memphis 901 FC is subject to general jurisdiction in Illinois. Plaintiff's allegations and briefing demonstrate that general jurisdiction does not exist. As set forth in the declaration of Craig Unger, Memphis 901 FC is operated by Memphis 901 FC LLC. *See*, Unger Declaration (Dkt. 39-1) at ¶ 5. Memphis 901 FC LLC is a company formed under the laws of Tennessee that maintains its principal place of business in Tennessee, does not compete in Illinois, conducts no business in Illinois, has never registered to do business in Illinois, owns no property or assets in Illinois, and has no employees in Illinois. *See*, *generally*, Unger Declaration (Dkt. 39-1). Plaintiff has failed to adequately dispute any of the facts asserted in the Unger Declaration, or plead any facts that could give rise to general jurisdiction. *See* Opposition at 12; *Gilman Opco LLC v. Lanman Oil Co.*, No. 13-CV-7846, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014) ("Although the standard to obtain jurisdictional discovery is low, courts will not permit discovery based only upon 'bare,' 'attenuated,' or 'unsupported' assertions of personal jurisdiction or when a plaintiff's claim appears to be 'clearly frivolous.'"). As such, Plaintiff has failed to make a *prima facie* case for general jurisdiction, and jurisdictional discovery is inappropriate. *Central States*, 230 F.3d at 946; *see also RGT Holdings, Inc. on behalf of Ticket Reserve, Inc. v. Harmon*, No. 16-CV-05457, 2017 WL 959020, at *4 (N.D. Ill. Mar. 13, 2017) ("Without such a *prima facie* case,

discovery would only harass the defendants and force the Court to preside over discovery in a case over which it lacks jurisdiction.").

### d. In the alternative, Plaintiff's Allegations Relating to His Attempt to Obtain the Memphis 901 FC Head Coaching Position in 2018 are Time-Barred.

In response to Memphis 901 FC's argument that any allegations relating to Plaintiff's attempt to obtain the Memphis 901 FC head coaching position in 2018 are time-barred, Plaintiff argues "there is at least one allegedly actionable event that took place within the requisite timeframe" and "[t]he remaining allegations of similarly discriminatory conduct are included as relevant background facts in support of, for example, a pattern-or-practice claim of discrimination." Opposition at 11. Accordingly, it appears that Plaintiff is conceding that he is not relying on those allegations in support of his Title VII claim. Therefore, Memphis 901 FC's Motion to dismiss these allegations should be granted. To the extent Plaintiff is attempting to use these facts in support of a pattern-or-practice claim, Plaintiff has not alleged a pattern-or-practice claim in either his Charge of Discrimination or his Complaint. Accordingly, Plaintiff's Title VII claim should be dismissed to the extent he is relying on time-barred allegations.

### III. Conclusion

For the reasons set forth above and in Memphis 901 FC's Motion to Dismiss, Memphis 901 FC respectfully requests that the Court dismiss this action in its entirety because the Court does not have personal jurisdiction over Memphis 901 FC.

In the alternative, Memphis 901 FC requests that the Court partially dismiss Count One of Plaintiff's Complaint to the extent Plaintiff relies on time-barred allegations pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,


*/s/ Laura B. Bacon*
Laura B. Bacon
Kamau A. Coar
**NIXON PEABODY LLP**
70 W. Madison St., Suite 5200
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

Angie C. Davis
Dean J. Shauger
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
First Horizon Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Tel: (901) 526-2000
*Admitted Pro Hac Vice*


***ATTORNEYS FOR DEFENDANT
MEMPHIS 901 FC LLC***