IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKY HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:22-cv-02961 |
| | ) |
| AMB SPORTS & ENTERTAINMENT, LLC | ) |
| (d/b/a : Atlanta United FC); INTER MIAMI | ) |
| CF, LLC; LAS VEGAS SOCCER LLC | ) |
| (d/b/a Las Vegas Lights FC); MAJOR LEAGUE | ) |
| SOCCER, LLC; MEMPHIS 901 FC LLC; | ) |
| PRODIGAL SOCCER, LLC (d/b/a OKC Energy | ) |
| FC); TEPPER SPORTS & ENTERTAINMENT | ) |
| (d/b/a Charlotte FC); UNITED SOCCER | ) |
| LEAGUES, LLC, | ) |
| | ) |
| Defendants. | ) |

**UNITED SOCCER LEAGUES, LLC
REPLY IN SUPPORT OF ITS MOTION TO DISMSS**

**I.     Introduction**

Hill's Title VII claim fails for the simple reason that he does not allege or even suggest that USL itself discriminated against him in connection with any employment decisions, including hiring and firing. Hill's inability to do so is understandable given his failure to allege that he has sought employment from or otherwise worked for USL.

To the extent Hill responds to USL's argument, he insists that he "alleges a framework for holding USL responsible for the repeated discriminatory acts of its member clubs." He cites no legal authority, which holds or even suggests that his "frame work" is a recognized basis for liability under federal law, including Title VII or Section 1981. He similarly fails to identify legal

authority which holds or suggests USL is legally obligated to monitor, oversee, or otherwise police the "specific hiring activities of its clubs." (Dkt. 74 at page 34 of 36).

Hill's Title VII claim is time barred as to conduct which occurred prior to December of 2020 since the continuing violation doctrine simply does not apply.

## II. Hill is Unable to Maintain Title VII and Section 1981 Claims Against USL

USL has, according to Hill, given [its] tacit, if not explicit, authorization and approval of the discriminatory acts alleged herein" and is "responsible for the discriminatory effect of its member clubs' hiring practices". (Dkt. 1 at 24 of 27). But when confronted with his failure to plead plausible violations of Title VII and Section 1981, Hill insists that he offers "a framework for holding USL responsible for the repeated discriminatory acts of its member clubs." (Dkt. 74 at 34 of 36).

He adds that by virtue of various statements and pledges USL has "has the ability to address discrimination by its clubs." (Id). This allegation, as well as Hill's allegation regarding "tacit or explicit authorization" of discriminatory practices, is a conclusion, albeit one lacking factual support and therefore not entitled to Rule 8's presumption of truth.

But Hill fails to allege USL's involvement or participation in the discriminatory acts he attributes to the seven soccer clubs he names in this lawsuit. *See Dixon v. CMS OF Ill.* 2016 WL 4158926, at *2 (N.D.ILL. Aug. 5,2016) He likewise fails allege facts which would permit this Court to infer that USL was responsible for or participated in in the employment decisions referenced in his complaint.

Hill; concedes, albeit tacitly, that he has not sought employment with USL and does not allege that USL itself has somehow interfered with his attempts to secure employment with the seven

2

teams listed in the caption of his complaint Put differently, dismissal of Hill's claims is proper given his failure to allege he sought employment with USL

While Hill may offer a "framework for holding USL responsible for holding USL responsible for the…. discriminatory acts of its member clubs", he cites no supporting legal authority and seems to argue that by publicly opposing racism , USL can be held liable for the illegal conduct he attributes to the seven clubs named in caption.

Lastly, Hill's claims fail inasmuch aiding and abetting claims are not recognized under either Title VII or Section 1981 because to do so would expand the scope of liability beyond a plaintiff's employer. *See Love v. JP Cullen & Sons , Inc.* 779 F.3d 697, 701-702 (7th Cir. 2015); *Raghavendra v.N.L.R.B* 2009 WL 5908013 * 21 (S.D. New York, August 27, 2009) (Finding no claim for aiding and abetting a violation of Section 1981)

### III. Hill Fails to Identify or Attribute to USL "the One Allegedly Actionable Event that Took Place within the Requisite Time Frame"

Although he does not expressly say so, Hill seems to invoke the continuing violation doctrine, arguing that "one allegedly actionable event took place within the requisite time frame" for both his Title VII and Section 1981 claims. (Dkt. 74 at 18 of 36). Hill fails to identify a single "actionable event" that he attributes to USL, let alone a series of "actionable events" that occurred "within the requisite time frame".

USL, like this Court, is not required to scour the record to identify the "one allegedly actionable event that took place within the requisite time frame" *See Richards v. Combined Ins. Co. of America* 55 F.3d. 247,251 (7th Circuit, 1995) (Not the task of district or appellate court to scour record in search of genuine issue of triable fact.)  Given Hill's refusal to list the actionable events he attributes to USL, this Court should find that any claims based on conduct occurring prior to December 5, 2020 are time barred.

But even if Hill had identified actionable events in his response, claims based on alleged wrongdoing that occurred prior to December 5, 2020 are time barred inasmuch as Hill may not invoke the continuing violation doctrine. While the courts "often allow a plaintiff to find refuge in the continuing violation theory on a hostile environment claim, the Seventh Circuit generally rejects such relief for allegations regarding a specific action like a firing, a suspension, or a refusal to promote- i.e., defined acts that happen on a specific date". *Shanoff v. Illinois Department of Human Services,* 258 F.3d 696,703 (7th Cir. 2001).

Since Hill lists a series of specific actions---- refusals to hire---- he may not "find refuge in the continuing violation theory".

### IV. Conclusion

For the reasons stated above, USL requests this Court dismiss Hill's complaint in its entirety.

Respectfully submitted,

By:_/s/ *Patrick Ruberry*_____
One of the Attorneys for United Soccer Leagues LLC

Patrick J. Ruberry
Carrie A. Durkin
LITCHFIELD CAVO, LLP
303 W. Madison, Suite 300
Chicago, IL 60606
(312) 781-6675
ruberry@litchfieldcavo.com
durkin@litchfieldcavo.com
*Attorneys for Defendant United Soccer Leagues, LLC*