**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICKY HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:22-CV-02961 |
| AMB SPORTS & ENTERTAINMENT, ) | |
| LLC (d/b/a: ATLANTA UNITED FC); ) | |
| INTER MIAMI CF, LLC; LAS VEGAS ) | |
| SOCCER LLC (d/b/a LAS VEGAS ) | |
| LIGHTS FC); MAJOR LEAGUE ) | |
| SOCCER, LLC; MEMPHIS 901 FC LLC; ) | |
| PRODIGAL SOCCER, LLC (d/b/a OKC ) | |
| ENERGY FC); TEPPER SPORTS & ) | |
| ENTERTAINMENT (d/b/a CHARLOTTE ) | |
| FC); UNITED SOCCER LEAGUES, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT AMB SPORTS & ENTERTAINMENT, LLC'S
REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS**

As outlined in Defendant AMB Sports & Entertainment, LLC's[1] (hereinafter "Defendant") Memorandum of Law in Support of its Motion to Dismiss [Doc. No. 49], Plaintiff Ricky Hill's (hereinafter "Plaintiff" or "Mr. Hill") Complaint [Doc. No. 1] is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) due to a lack of personal jurisdiction and because (a) Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title

---

[1] AMB Sports & Entertainment, LLC does not do business as and is not the owner of the professional men's soccer team known as Atlanta United FC as Plaintiff alleges. [Doc. 1 at ¶ 8]. Atlanta United FC is owned and operated by Atlanta United Football Club, LLC (hereinafter "Atlanta United"), an affiliate of Defendant. For the limited purpose of filing this Reply, Defendant files on behalf of itself and Atlanta United.

VII") and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981") are time-barred to the extent they arose before June 6, 2020; and (b) Plaintiff's claims are impermissibly vague.[2]

## I. INTRODUCTION

Plaintiff's Response in Opposition to Defendants' Respective Motions to Dismiss and/or Transfer [Doc. No. 74] ("Response") fails to cite to persuasive authority regarding the jurisdictional grounds for the Complaint, the timeliness or merits of Plaintiff's claims, or accurately dispute the authority cited by Defendant in support of dismissal. Accordingly, Plaintiff's Complaint should be dismissed for the reasons cited herein and in Defendant's principal brief.

## II. ARGUMENT AND CITATION TO AUTHORITY

**A. This Court lacks Personal Jurisdiction over Defendant and Atlanta United.**

Plaintiff's Response fails to cite to persuasive authority showing that this Court has personal jurisdiction over Defendant and Atlanta United. Instead, Plaintiff cites to inapplicable caselaw, misconstrues the personal jurisdiction standard, and points to minor and sporadic connections between Atlanta United and/or Defendant and Illinois. In doing so, Plaintiff entirely fails to establish that Defendant and Atlanta United are "at home" in Illinois so as to establish general jurisdiction or that they purposefully availed themselves of the benefits of doing business in Illinois so as to establish specific jurisdiction.

---

[2] Plaintiff has since withdrawn his claims under the Illinois Human Rights Act, and therefore, the insufficiency of these claims no longer requires adjudication at this time.

      i.      <u>Plaintiff Fails to Demonstrate that this Court Has General Jurisdiction over Defendant and Atlanta United.</u>

Plaintiff does not contest that Atlanta United and Defendant are organized and have their principal place of business in Georgia (not Illinois).[3] Accordingly, the analysis of whether Atlanta United and Defendant are subject to general jurisdiction in Illinois turns on whether their connections with Illinois are so continuous and systematic so as to render them essentially "at home" in Illinois. *See Daimler AG*, 571 U.S. at 139.

Plaintiff's Response fails to dispute any of the cited authority in Defendant's principal brief regarding why Defendant and Atlanta United have insufficient contacts to render them essentially at home in the forum and subject to general jurisdiction. Instead, Plaintiff cites to the declaration of his own attorney, Steven M. Shebar [Doc. No. 74-2], for minor and sporadic connections between Defendant and/or Atlanta United and Illinois[4] in an attempt to demonstrate they have continuous and substantial business relationships and activities directed at Illinois.[5]

---

[3] As presented in Defendant's principal brief, a corporate defendant is subject to general jurisdiction only where the corporation's place of incorporation or principal place of business is located, except in the most "exceptional" cases. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

[4] Mr. Shebar's declaration alleges that Defendant and Atlanta United have jobs listed on an unaffiliated third-party employment website; Atlanta United sells merchandise on its website (available to the public across the country); Atlanta United participated in a charity event in Chicago; Defendant purportedly owns the Atlanta Falcons, which has played the Chicago Bears 14 times in Chicago in its 55 year history; Defendant is insured by an Illinois Company; and that Atlanta United acquired three (3) players from Chicago Fire during its franchise history. [Doc. No. 74-2].

[5] Plaintiff (without citation to authority) mistakes the standard for general jurisdiction claiming that Defendant need only maintain substantial business relationships and activities directed at Illinois such that the exercise of personal jurisdiction over each of them comports with traditional notions of fair play and substantial justice.

Even assuming arguendo that these alleged connections to Illinois are true,[6] they are insufficient to show that Atlanta United and Defendant are essentially <u>at home</u> in Illinois and subject to general jurisdiction.[7] At best, Mr. Shebar's declaration purports to show that Atlanta United and Defendant conduct occasional and minor business in Illinois. In no way do these alleged connections demonstrate that Illinois is the focus of Atlanta United or Defendant's corporate activity or that this activity is so continuous and systematic so as to render them essentially at home in Illinois.[8] Without significantly more than Mr. Shebar's declaration, Plaintiff has not and cannot show that either Defendant or Atlanta United is at home in Illinois sufficient to establish general jurisdiction.

---

[6] Mr. Shebar entirely relies on Wikipedia and other unverified websites to support his declaration. [Doc. No. 74-2].

[7] To determine whether an out-of-state company is essentially at home in a forum to render it subject to general jurisdiction, the proper inquiry is greater than whether the company's contacts in the aggregate are extensive or even if it engages in substantial, continuous, and systematic course of business. *See Daimler AG*, 571 U.S. at 138. Rather, the question is whether the forum is the company's true focus of corporate activity—anything else is unacceptably grasping. *Id*.

[8] *See Tamburo v. Dworkin,* 601 F.3d 693 (7th Cir. 2010) (maintenance of a public website is not sufficient, without more, to establish general jurisdiction); *Roiser v. Cascade Mountain, Inc.,* 367 Ill. App. 3d 559, 564 (1st Dist. 2006) (out-of-state corporation's activities of advertising in Illinois, sometimes appearing at Illinois trade shows, maintaining an Illinois telephone number, and deriving revenue from the residents of Illinois were insufficient to confer general jurisdiction); *Bryant v. QuiBids LLC*, 2012 WL 394154, at *3 (N.D. Ill. Feb. 3, 2012) (national advertising campaign and nationally accessible website that advertised, solicited business, registered and accepted payments, and permitted Illinois residents to participate in its operations were insufficient for general jurisdiction); *Hill v. Cap. One Bank (USA), N.A.*, No. 14-CV-6236, 2015 WL 468878, at *6 (N.D. Ill. Feb. 3, 2015) (job postings from an out-of-state corporation's website for various locations in Illinois did not provide additional presence in Illinois such that an exercise of general jurisdiction over the out-of-state corporation was warranted); *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (employing over 2,000 people in the state insufficient to establish general jurisdiction over an out-of-state corporation).

> ii. Plaintiff Fails to Demonstrate that this Court Has Specific Jurisdiction over Defendant and Atlanta United.

In an attempt to establish that this Court has specific jurisdiction over Defendant and Atlanta United, Plaintiff misconstrues the relevant standard by ignoring the requirements of due process. Plaintiff appears to argue that subsection (a)(2) of the Illinois long-arm statute <u>alone</u> provides the Court with specific jurisdiction over Defendant and Atlanta United as they allegedly committed a tort in the state. Plaintiff is incorrect.

Even assuming arguendo that Defendant and Atlanta United committed a tortious act within Illinois covered by subsection (a)(2) of the Illinois long-arm statute, the court must ensure that exercising specific jurisdiction over Defendant and Atlanta United comports with the due process guarantees of both the Illinois and United States Constitutions. *See Congdon v. Cheapcaribbean.com, Inc.,* No. 17 C 5502, 2017 WL 5069960, at *6 (N.D. Ill. Nov. 3, 2017) ("Illinois courts apply a two-part test to decide jurisdictional issues under the long-arm statute, 'first determining whether a specific statutory provision of section 2-209 has been satisfied, and then determining whether the due process requirements of the United States and Illinois Constitutions have been met.'") (citation omitted).[9]

Plaintiff's Response fails to include a single allegation of Illinois-directed conduct by Defendant or Atlanta United as required to satisfy due process.[10] Indeed, Plaintiff acknowledges

---

[9] *See also Hyatt International Corp. v. Coco,* 302 F.3d 707, 725 (7th Cir.2002) ("[T]here is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction.").

[10] As stated in Defendant's principal brief, the due process concerns are satisfied when (1) the defendant has <u>purposefully directed its activities at the residents of the forum state</u>; (2) the suit involves injuries that allegedly arise out of those activities; and (3) an assertion of personal jurisdiction is reasonable. *See Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 781 (N.D. Ill. 2009) (emphasis added).

that it was he, personally or through representatives, who initiated contact with Atlanta United.[11] In an attempt to bypass or ignore the actual standard, Plaintiff cites to *Real Colors, Inc. v. Patel*, 974 F. Supp. 645 (N.D. Ill. 1997), for the proposition that a telephone call can give rise to specific jurisdiction if the call constitutes a tortious act within Illinois. *Id.* at 649-50. However, the *Real Colors, Inc.* court makes clear that even if such a call satisfied the state's long-arm statute, the court must still consider due process.[12] *Id.* at 650, fn. 6. Furthermore, the court concluded that "the mere mailing of payments to Illinois, along with one telephone call, [we]re not enough to establish minimum contacts."[13] *Id.* at 652. Without more, Plaintiff cannot establish that this Court has specific jurisdiction over Defendant or Atlanta United.[14]

---

[11] Although unclear from Plaintiff's Response, to the extent that Plaintiff argues that the alleged activity listed in Mr. Shebar's declaration supports the exercise of specific jurisdiction, it is not asserted that Plaintiff's claims against Defendant and Atlanta United arise from said purported activity. Furthermore, as noted in Defendant's principal brief, Defendant's contacts with the forum state must be Defendant's own choice and not random, isolated, or fortuitous. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

[12] Plaintiff likewise cites to *Snyder v. Smith*, 736 F.2d 409, 415 (7th Cir. 1984), *overruled by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998), to claim that a single tortious act can give rise to jurisdiction. However, *Snyder* makes clear that the courts must still consider minimum contacts. *Id.* ("In Illinois, a nonresident party can be sued if it performs one of the acts enumerated in the Illinois long-arm statute or if it is doing business in Illinois, <u>as long as the due process 'minimum contacts' requirement is met.</u>") (emphasis added).

[13] Plaintiff cites to *Williams v. Am. Coll. of Educ., Inc.*, No. 16-CV-11746, 2017 WL 2424227, at *6 (N.D. Ill. Jun. 5, 2017) to show that a discriminatory termination occurs where the plaintiff is located. This case, dealing with the issue of appropriate venue, is completely irrelevant to the determination of the exercise of specific jurisdiction over Defendant and Atlanta United.

[14] As explained in Defendant's principal brief, to the extent that Atlanta United interviewed or communicated with Plaintiff following his inquiries, this is insufficient to establish specific jurisdiction. *See Eiler v. S.D. Human Servs. Ctr.*, 736 Fed. App'x 145 (7th Cir. 2018) (holding that a court in Illinois does not have personal jurisdiction over an out-of-state employer just because a person in Illinois applied for a job with that employer); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1279 (7th Cir. 1997) (finding that contract negotiations, contemplated future consequences, and the parties' actual course of dealing did not indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant); *Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction").

iii. <u>Plaintiff Fails to Demonstrate Grounds for Jurisdictional Discovery.</u>

For jurisdictional discovery to be permitted, the plaintiff, at a minimum, must establish a colorable or prima facie showing of personal jurisdiction. *See In re Honey Transshipping Litig.*, 87 F. Supp. 3d 855, 873–74 (N.D. Ill. 2015). "Although it is within the discretion of the district court to allow a plaintiff to conduct limited discovery in order to establish that jurisdiction exists, a court is not obligated to so allow when the plaintiff fails to make even a prima facie case that jurisdiction exists." *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159, *3 (7th Cir. 2000) (unpublished). "In other words, a plaintiff seeking jurisdictional discovery must advance 'proof to a reasonable probability' of the facts necessary to establish federal jurisdiction." *Calloway v. AT&T Corp.*, No. 18 C 06975, 2019 WL 4694724, at *2 (N.D. Ill. Sept. 26, 2019). If a plaintiff's request for jurisdictional discovery is only based upon unsupported assertions of personal jurisdiction, the request should be denied. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 946 (7th Cir. 2000).

As shown above, Plaintiff's Complaint and Response fail to demonstrate that this Court has personal jurisdiction over Defendant and Atlanta United. Rather, Plaintiff makes a series of unsupported assertions that neither support this Court's exercise of specific or general personal jurisdiction over Defendant or Atlanta United. Accordingly, Plaintiff's request to conduct jurisdictional discovery should be denied. *See Ticketreserve, Inc. v. Viagogo, Inc.,* 656 F. Supp. 2d 775, 783 (N.D. Ill. 2009) (holding that as plaintiff failed to provide support for there being personal jurisdiction over defendant, plaintiff's request for jurisdictional discovery was denied and defendant's Motion to Dismiss for Lack of Personal Jurisdiction was granted).

Furthermore, Plaintiff has not followed the proper procedure to request jurisdictional discovery. A request to conduct jurisdictional discovery should be made in a separate motion, not

buried in a response brief. *See Holmes v. Inmar, Inc.,* No. 21-2093, 2021 WL 9526887, at *2 (C.D. Ill. Sept. 2, 2021) (citing *In re Honey Transshipping Litig.*, 87 F. Supp. 3d 855, 874). As such, Plaintiff's request to conduct jurisdictional discovery also should be denied on procedural grounds.

**B. Plaintiff Fails to State a Claim of Race and/or Color Discrimination.**

    i.    <u>Plaintiff's Claims from 2014, 2015, and 2017 are Time-Barred.</u>

Although still unclear from the Complaint and Response, Plaintiff appears to imply that when Atlanta United allegedly failed to hire him in 2014, 2015, or 2017, it was motivated by race or color discrimination. However, Plaintiff's Response does not dispute that these alleged acts occurred prior to June 6, 2020, and thus, cannot form the basis of Plaintiff's Title VII[15] or Section 1981[16] claims for discrimination. Instead, Plaintiff cites to three cases (only one of which is from Illinois)[17] to support the unrelated proposition that time-barred allegations can be relevant for background purposes in relation to the timely claims.

---

[15] As presented in Defendant's principal brief, to bring a claim for race or color discrimination under Title VII, Plaintiff must file a charge of discrimination with the EEOC within 300 days after the alleged discriminatory act occurred. *See Riley v. Elkhart Community Schools*, 829 F.3d 886, 890-91 (7th Cir. 2016) (holding a failure-to-hire claim under Title VII must be filed within 300 days of the date the claimant is not hired). Accordingly, Plaintiff's Title VII claim is limited to Atlanta United's alleged conduct occurring after January 13, 2021, 300 days prior to the filing of Plaintiff's EEOC charge on November 9, 2021.

[16] As noted in Defendant's principal brief, under Section 1981, a plaintiff must bring a claim within two years if it arises out of the pursuit of employment. *See Pruitt v. Pers. Staffing Grp., LLC*, No. 16 C 5079, 2017 WL 1128457, at *2 (N.D. Ill. Mar. 23, 2017). Accordingly, Plaintiff's Section 1981 claim is limited to purported conduct that occurred after June 6, 2020, two years prior to the filing of the Complaint.

[17] Plaintiff conveniently fails to provide the entire quoted passage from *EEOC v. Dial Corp.*, No. 99 C 3356, 2001 WL 1945088, at *4 (N.D. Ill. Dec. 27, 2001), which states that even though "evidence relating to time-barred allegations can be relevant for background purposes with respect to the pattern-or-practice claim…such evidence may still be excluded under Federal Rule of Evidence…if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." (internal quotations omitted).

Plaintiff appears to confuse the issue before the court regarding the time-barred claims. Whether evidence relating to the time-barred allegations can <u>potentially</u> be relevant for background purposes with respect to the timely Title VII or Section 1981 claims is an entirely different proposition than whether the time-barred allegations can independently serve as the basis for a Title VII or Section 1981 claim.

The issue before the court is not whether the time-barred allegations are potentially relevant for background purposes. Rather, Defendant is asking the Court to dismiss Plaintiff's Title VII and Section 1981 discrimination claims to the extent they are predicated on Atlanta United's alleged decision not to hire Plaintiff in 2014, 2015, or 2017. Because Plaintiff cannot dispute that these alleged acts occurred prior to June 6, 2020, they cannot form the basis of Plaintiff's Title VII or Section 1981 claims for discrimination and should be dismissed.

ii. <u>Plaintiff's Complaint is Impermissibly Vague.</u>

Plaintiff's Response entirely fails to dispute or address that the Complaint is impermissibly vague in regard to Plaintiff's allegation that "[e]ach Defendant has actually participated in and aided and abetted the discriminatory conduct of the other Defendants." [Doc. No. 1 at ¶¶ 157, 163, 169]. Specifically, Plaintiff fails to address or offer any further factual allegations or support suggesting that Defendant or Atlanta United knew of the other seven defendants' alleged discriminatory conduct, let alone aided and abetted said conduct. Accordingly, given the fundamental vagueness of the Complaint as it relates to the multiple defendants, the Complaint should be dismissed.

### III. CONCLUSION

Plaintiff's Response fails to demonstrate that Defendant or Atlanta United has sufficient contacts with Illinois to support the exercise of personal jurisdiction or that the majority of

Plaintiff's factual claims are not untimely and overly vague. Given the foregoing, this Court should grant Defendant's Motion to Dismiss.

Submitted this 21st day of November, 2022

/s/ Sean M. Libby
Sean M. Libby (Georgia Bar No. 363631) (*Pro Hac Vice*)
**ELARBEE, THOMPSON, SAPP & WILSON, LLP**
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
Libby@elarbeethompson.com

/s/ Michael A. Warner
Michael A. Warner Jr. (ARDC #6208011)
**FRANCZEK P.C.**
300 S. Wacker Drive, Suite 3400
Chicago, Illinois 60606
(312) 986-0300
wrp@franczek.com