**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RICKY HILL,

Plaintiff,

v.

AMB SPORTS & ENTERTAINMENT, LLC (d/b/a Atlanta United FC); INTER MIAMI CF, LLC; LAS VEGAS SOCCER LLC (d/b/a Las Vegas Lights FC); MAJOR LEAGUE SOCCER, LLC; MEMPHIS 901 FC LLC; PRODIGAL SOCCER, LLC (d/b/a OKC Energy FC); TEPPER SPORTS & ENTERTAINMENT (d/b/a Charlotte FC); UNITED SOCCER LEAGUES, LLC,

Defendants.

Case No. 1:22-cv-02961

**DEFENDANT INTER MIAMI CF, LLC'S REPLY BRIEF**
**IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant Inter Miami CF, LLC ("Inter Miami"), by and through undersigned counsel, hereby files its Reply Brief in further support of its Motion to Dismiss Plaintiff's Complaint [Doc. No. 46] ("Motion to Dismiss") in its entirety due to lack of personal jurisdiction of this Court over Inter Miami or, in the alternative, to dismiss Count I of Plaintiff's Complaint against Inter Miami. In further support of its Motion and Supporting Memorandum [Doc. No. 47], Inter Miami states as follows.

## I. INTRODUCTION

In its Motion to Dismiss and supporting Memorandum, Inter Miami established that it is not subject to the personal jurisdiction of this Court. Inter Miami's contacts with the forum state of Illinois are legally insufficient to meet due process standards for jurisdiction under the United States Constitution. Inter Miami is an out-of-state entity and soccer team that does not conduct

business in the State of Illinois (other than playing an away game in a given season), owns no property in the State of Illinois, and that does not employ individuals in the State of Illinois. Moreover, the alleged claims for discrimination in this lawsuit are not the product of Inter Miami's contacts with this forum and Inter Miami has not purposefully availed itself of this forum. Under either a general jurisdiction or specific jurisdiction analysis, there is no factual predicate for this Court to exercise personal jurisdiction over Inter Miami.

Plaintiff's Response in Opposition to Defendants' Respective Motions to Dismiss and/or Transfer [Doc. No. 74] (also "Response") does not provide this Court with any factual or legal argument to undercut this obvious conclusion. Many of the facts asserted by Plaintiff in the Response do not constitute competent evidence. Even if they did, Plaintiff's factual assertions are insufficient as a matter of law to establish that this Court has jurisdiction over Inter Miami under either the general jurisdiction or specific jurisdiction analysis. Other arguments, such as Plaintiff's arguments relating to the Illinois long-arm statute, are based on a fundamental misunderstanding and misapplication of the law. Similarly, Plaintiff has not established a colorable basis for this Court to allow him to engage jurisdictional discovery, which would amount to nothing more than an unwarranted and burdensome fishing expedition. For the reasons set forth in Inter Miami's Motion, Memorandum, and as set forth below, this Court should enter an Order dismissing the Complaint against Inter Miami pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. LEGAL ARGUMENT

### A. The Court Should Dismiss Plaintiff's Claim for Discrimination Against Inter Miami Based On Alleged Conduct that Occurred in 2019.

Before discussing its jurisdictional arguments (which should result in the dismissal of the Complaint as to Inter Miami), Inter Miami briefly addresses its arguments relating to Title VII and the IHRA. Plaintiff's claim for discrimination under Title VII is comprised of discrete events that

occurred in 2019 and in 2021. *See* Memorandum, pp. 2,10-11; Complaint, ¶¶ 46-69. Inter Miami has established that Plaintiff failed to file a Charge within 300 days of the alleged discrimination that occurred in November of 2019. *See* Memorandum, p. 9. Therefore, the Court should dismiss the alleged failure to hire claim against Inter Miami based on conduct that occurred in 2019. *Id.*

Plaintiff concedes that Inter Miami's alleged conduct in 2019 cannot support a claim for disparate treatment discrimination under Title VII because it was not the subject of a timely charge. Response, pp. 10-11. Therefore, the Court should enter an order dismissing Plaintiff's alleged Title VII claim against Inter Miami for conduct that allegedly occurred in 2019.

In the Response, Plaintiff vaguely argues that conducted that occurred in 2019 is "relevant background facts in support of, for example, a pattern-or-practice claim of discrimination." Response, p. 11. To the extent that Plaintiff argues that the conduct in 2019 or in 2021 establishes a "pattern-or-practice" claim against Inter Miami (which has not been pled), the Court should also dismiss this claim.[1] A pattern-or-practice claim is a theory of intentional discrimination that "requires a showing that an employer regularly and purposefully discriminates against a protected group." *Puffer v. Allstate Ins. Co.,* 675 F.3d 709, 716 (7th Cir. 2012) (quoting *Council 31, Am. Fed'n of State, Cnty. & Mun. Emps, AFL-CIO v. Ward,* 978 F.2d 373, 378 (7th Cir. 1992)). A plaintiff bringing a pattern-or-practice claim is required to prove that discrimination "was the company's standard operating procedure—the regular rather than the unusual practice." *Id.* To state a claim for pattern-or-practice discrimination, Plaintiff must plead a *prima facie* case that Inter Miami had a system wide policy or practice of discriminating against minorities. *See Koehler v. Infosys Techs. Ltd. Inc.*, 2022 WL 4234946, at *6 (E.D. Wis. Sept. 14, 2022) (discussing Seventh

---

[1] Inter Miami only addresses Plaintiff's claim that he has pled a pattern-or-practice claim against Inter Miami, as an individual defendant. Inter Miami further states that it denies any liability based on the allegations in the Complaint and admits any well-pled facts herein for purposes of this Motion only.

Circuit law); *see also Shidaker v. Tisch*, 833 F.2d 627, 630 (7th Cir. 1986) (noting that "in order to make out a *prima facie* case of discrimination under a disparate treatment 'pattern and practice' theory, a plaintiff must compare the percentage of minorities or women in the employer's workforce" with the people in the labor force who possess the relevant qualifications); *Coates v. Johnson & Johnson*, 756 F.2d 524, 532 (7th Cir. 1985) (in a pattern-or-practice case, "[t]he plaintiffs' prima facie case will thus usually consist of statistical evidence demonstrating substantial disparities in the application of employment actions as to minorities and the unprotected group, buttressed by evidence of general policies or specific instances of discrimination"). Here, Plaintiff has merely pled that Inter Miami failed to hire a single individual (himself) in response to his unsolicited, wayward inquiries about a potential job opening. *See* Complaint, ¶¶ 46-61. Plaintiff has not pled facts regarding the other candidates for positions with Inter Miami, the general composition of Inter Miami's workforce, any statistical evidence relating to Inter Miami's hiring practices, or how Inter Miami's hiring policies have a broadly sweeping, disparate impact on racial minorities. *Id.* Thus, the Court should also enter an Order dismissing any purported practice-or-pattern claim against Inter Miami.

### B. Plaintiff Has Withdrawn His Claim for Discrimination Under the IHRA Against Inter Miami.

Inter Miami need not belabor its argument that Plaintiff's Complaint fails to state a claim for relief against Inter Miami under the IHRA. In his Response, Plaintiff has agreed to withdraw (as he must) his claim against Inter Miami (and claims asserted against other individual defendants) for a violation of the IHRA. Response, p. 10. Therefore, the Court should also enter an Order dismissing Plaintiff's claim against Inter Miami for discrimination under the IHRA.

### C. Plaintiff Fails to Establish A Factually or Legally Sufficient Basis to Confer General Jurisdiction Over Inter Miami.

Through its Memorandum and supporting affidavit, Inter Miami established that it is not subject to personal jurisdiction based on a general jurisdiction analysis. In his Response, Plaintiff offers a hodgepodge of arguments that are factually and legally insufficient to rebut Inter Miami's evidence and establish that Inter Miami is subject to general jurisdiction.

First, Plaintiff attaches a declaration from his attorney, Steven M. Shebar. *See* Response, p. 8, Declaration of Steven Shebar [Doc. No. 74-2] (the "Shebar Declaration"). The Shebar Declaration then references an attached chart, which contains various links to websites, along with counsel's verbal characterization as to what each link/website demonstrates based on plaintiff's "internet search of websites indicated on the chart." *See* Response, Shebar Declaration, ¶ 2; Exhibit B, p. 2 (which contains the purported "facts" relating to Inter Miami). Plaintiff also attaches a declaration from his agent, Kieren Keane, which provides additional detail relating to alleged attempts to contact Inter Miami regarding a potential position for Plaintiff. *See* Response, Declaration of Kieren Keane [Doc. No. 74-1] (the "Keane Declaration").

As an initial matter, the argumentative statements of Plaintiff's attorney, and the links to internet websites contained within Exhibit B, are not competent evidence in support of jurisdiction. *See Meridian Sec. Ins. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006) (explaining that when jurisdictional allegations are controverted by the defendant party, the party asserting federal jurisdiction must then provide support for jurisdiction through competent proof and evidence). Notably, courts have refused to take judicial notice of websites or website printouts that do not originate from official government sources, particularly when the citing party fails to explain why it is appropriate for the court to take judicial notice of the website(s) as matters of public record or otherwise establish that the facts cannot reasonably be questioned. *See, e.g., Hill v. Capital One Bank (U.S.A.), N.A.*, No. 14-cv-6236, 2015 WL 468878, *5 (N.D. Ill., Feb. 3, 2015). In the

Response, Plaintiff has not cited to any rule, law, or statute that provides this Court with the authority to take judicial notice of the links to websites contained in Exhibit B, much less Plaintiff's attorney's characterization of what these websites allegedly demonstrate.[2] Therefore, the Court should discard the alleged facts set forth in Exhibit B (including the attorney statements and the links to websites) in their entirety based on these patent deficiencies.

Worst yet, the statements in Exhibit B regarding the links to the various websites are argumentative and/or misleading. To cite one example, Plaintiff states that Inter Miami has "Job postings offered to Illinois residents." *See* Response, Exhibit B, p. 2. However, a review of the relevant website shows that the jobs being posted for Inter Miami are, not surprisingly, job postings for positions that are located in the State of Florida. There is no evidence that Inter Miami is marketing positions to Illinois residents or filling positions with any connection to the State of Illinois. Similarly, Plaintiff's contention that Inter Miami offers online merchandise for sale in Illinois is also hollow. *Id.* The corresponding website is a link to a generic internet storefront for Inter Miami, which could potentially be accessed anywhere in the United States or perhaps anywhere in the world. *Id.* This does not, however, mean that Inter Miami meets due process standards for personal jurisdiction in every state in the United States or any jurisdiction in the world. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website … should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."); *see also Davis v. Billick*, 2002 WL 1398560, *6 (N.D. Texas, June 26, 2002) (finding that the sale of NFL merchandise in the forum State of Texas was insufficient to establish general jurisdiction).

[2] One of the facts set forth in Exhibit B is based on an "online chat" that an unidentified person had with an unidentified Inter Miami "ticket rep.", without any additional supporting documentation or information. This, again, does not constitute admissible or competent evidence.

Along these same lines, Plaintiff alleges that Inter Miami signed a single player obtained through a draft who resided in the State of Illinois. *Id.* However, there is no evidence that Inter Miami has, for example, set up a scouting or recruiting operation based in Illinois. Even if this were the case, contracting with a third party to recruit in a forum state is an insufficient basis for establishing general jurisdiction over a nonresident professional sports team. *See Collyard v. Washington Capitals*, 477 F.Supp. 1247, 1250 n. 3 (D. Minn. 1979). Plaintiff's other allegations relating to the creation of a Special Olympics team that incidentally played a single game against an opponent in the State of Illinois on a single date also does not support general jurisdiction. There is nothing continuous or systematic about these alleged contacts with the State of Illinois.

In fact, Plaintiff's Response offers no evidence that the State of Illinois is a focal point for any aspect of Inter Miami's organization, property, facilities, headquarters, employees, operations, sales, marketing, or any aspect of its business. If anything, these strained and highly attenuated contacts merely underscore Plaintiff's utter lack of evidence in support of personal jurisdiction.

Even if the Court were to consider this deeply flawed evidence (which is not admissible), these attenuated connections to Illinois are not sufficient to confer general jurisdiction. As established in its Memorandum, the application of the general jurisdiction analysis requires for Inter Miami to have sufficient contacts with the State of Illinois such that it is essentially at home in the State of Illinois. *See, e.g., Rebel Hospitality LLC v. Rebel Hospitality LLC*, No. 21-cv-5132, 2022 WL 797035 at *3 (N.D. Ill. March 16, 2022) (requiring limited liability companies to have continuous and systematic contacts such that the company is "at home" in the forum state to find general jurisdiction); *Landa v. DPK Communities, LLC*, No. 21-cv-1529, 2022 WL 93502 at *2 (N.D. Ill. Jan. 10, 2022) ("General jurisdiction . . . may be exercised 'only when a defendant is 'essentially at home' in the State."); *Perry v. JTM Capital Mgmt., LLC*, No. 17 C 7601 at *4 (N.D.



**Error! Unknown document property name.**

Ill. Apr. 5, 2018) (the court only applies general jurisdiction to limited liability company residing in another state if "the company's contacts are 'so substantial and of such a nature as to render the corporation at home in that State.").

Plaintiff's Response fails to cite any facts that would give this Court general jurisdiction over Inter Miami. In this case, Inter Miami is a limited liability company that is organized under the laws of the State of Delaware and has its principal place of business and headquarters in the State of Florida. *See* Memorandum, Declaration of Nikola Budalic ("Budalic Declaration"). Plaintiff's Response does not controvert the evidence that Inter Miami owns no property in Illinois and has no Illinois based employees. *See* Budalic Declaration, ¶¶ 7-9. The undisputed evidence does not support that Inter Miami has any contacts with Illinois that could reasonably be considered continuous, extensive, systematic, or pervasive. *See Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) ("The threshold for general jurisdiction is high; the contacts must be sufficiently extensive and pervasive to approximate physical presence."); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) ("These contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [any forum state court] in any litigation arising out of any transaction or occurrence taking place anywhere in the world.").

Plaintiff also attempts to impute the connections of Defendant Major League Soccer, LLC ("MLS") to the State of Illinois to Inter Miami and the other individual defendants. *See* Response, p. 9. However, a "defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286. In its Memorandum, Inter Miami established that a professional sports team's affiliation with a league and the broader contacts of the league with the forum state cannot be imputed to each individual league member for purposes

of establishing personal jurisdiction. *See* Memorandum, pp. 4-5 (citing cases). In his Response, Plaintiff fails to cite to any legal authority in contravention of this general principal. Whether or not defendant MLS is based in Illinois, or allegedly has substantial or continuous contacts with the State of Illinois, Defendant Inter Miami does not, and Plaintiff's evidence does not establish otherwise. Thus, Plaintiff has not established that this Court has general jurisdiction over Inter Miami.

**D. Plaintiff Also Cannot Establish that Inter Miami Is Subject to Specific Jurisdiction.**

Inter Miami is also not subject to personal jurisdiction in this forum state based on a specific jurisdiction analysis. Specific jurisdiction only arises when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). For a court to have specific jurisdiction over a defendant with respect to a particular claim, the defendant's contacts with the forum state must be "directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017).

Crucially, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Advanced Tactical Ordnance.,* 751 F.3d at 803 (quoting *Walden v. Fiore*, 571 U.S. at 284). Further, the relation between the defendant and the forum "must arise out of contacts that the 'defendant himself' creates with the forum..." *Walden*, 571 U.S. at 284 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174 (1985)).

Plaintiff's alleged facts do not satisfy either of these prerequisites. Through the submission of the Kieren Declaration, Plaintiff attempts to offer additional detail relating to the communications with Inter Miami in support of his failure to hire claim. *See* Kieren Declaration;

*see also* Complaint, ¶¶ 46-60. If anything, a review of the Kieren Declaration underscores that Plaintiff's failure to hire claim is based on Plaintiff's and his representative's unsolicited communications with Inter Miami representatives. *See Id.*; *see also* Declaration of Budalic. In response to unsolicited communications from Plaintiff and/or his representative, Inter Miami merely conveyed the appropriate person to contact for a potential position and then conveyed that there was no position available. *Id.* Indeed, Plaintiff's failure to hire claim against Inter Miami is premised on Inter Miami's alleged disinterest in Plaintiff's emails about a position. *Id.*

Plaintiff's unilateral contacts with Inter Miami are legally insufficient to show that a discrimination claims arises out of Inter Miami's contacts with Illinois. *See Eiler v. S.D. Human Servs., Circ.*, 736 Fed. App'x 145, 146-47 (7th Cir. 2018) (finding that a court does not have personal jurisdiction over an out-of-state employer in a failure to hire case simply because the plaintiff contacted the employer about the position at issue). On this point, Plaintiff has not submitted any evidence that Inter Miami recruited Plaintiff or otherwise recruited any other person in the State of Illinois or sought to fill any position with a connection to the State of Illinois.

Likewise, Plaintiff has not established that Inter Miami purposefully availed itself of the privileges of conducting business in the State of Illinois, consistent with due process requirements. *See* Memorandum, pp. 6-10. Importantly, "[t]here can be no doubt that the plaintiff cannot be the only link between the defendant and the forum." *Advanced Tactical Ordinance*, 751 F.3d at 903.

As established above, and aside from the Kiernen Declaration, Plaintiff's allegations relating to Inter Miami's contacts with the State of Illinois (as set forth in Exhibit B to Plaintiff's Response) do not constitute competent evidence. *See Supra*, Section I.C. In any event, Plaintiff's allegations relating to Inter Miami offering ticket deals, selling merchandise, or selling tickets in the State of Illinois are hollow for the reasons previously stated. *See* Response, Exhibit B; *see*

*Advanced Tactical Ordnance*, 751 F.3d at 803 ("Having an interactive website … should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."). Plaintiff has not cited to any evidence that Inter Miami directs its marketing, sales, ticket sales, operations, recruiting, or employment efforts to the State of Illinois in any meaningful way. Inter Miami owns no property and has no employees in Illinois. *See* Declaration of Budalic. *Id.* These facts are not reasonably in dispute.

Finally, and perhaps most importantly, Plaintiff has not demonstrated that there is any connection between the facts alleged in Exhibit B and the failure to hire claim that is at issue in the Complaint. For all the above reasons, Plaintiff cannot establish that Inter Miami is subject to personal jurisdiction based on the specific jurisdiction analysis.

**E. Plaintiff's Argument Relating to Long-Arm Jurisdiction Does Not Confer This Court with Jurisdiction Over Inter Miami.**

In the Response, Plaintiff alleges the Court has personal jurisdiction over Inter Miami based on Illinois' long-arm statute, because Inter Miami allegedly committed a tort in Illinois (which is denied). *See* Plaintiff's Response, p. 14. Plaintiff's argument that the Illinois long-arm statute provides this Court with specific jurisdiction over Inter Miami is based on a fundamental misapprehension and misapplication of applicable law. *Id.*

The Illinois long-arm statute provides, among other enumerated acts, that Illinois state courts may exercise personal jurisdiction over defendants based on the "commission of a tortious act within this State." 735 ILCS 5/2-209(a)(2). "A nonresident may be sued in Illinois if (1) he performs one of the acts enumerated in the Illinois long-arm statute, Ill.Rev.Stat. ch. 110 § 2-209, and (2) the minimum contacts required by due process are present." *Turnock v. Cope*, 816 F.2d 332, 334 (7th Cir. 1987)

"Once the long-arm test is met, the court must also determine whether constitutional due process requirements have been satisfied." *Wolfson v. S.S. Securities*, 756 F. Supp. 374, 376 (N.D. Ill. 1991). Therefore, the statute authorizes the exercise of personal jurisdiction by the Illinois courts to the fullest constitutional limit; and "the statutory analysis collapses into a due process inquiry, and whether the defendant engaged in any of the acts enumerated in the long-arm statute need not be considered by the court." *Drake v. Ocwen Fin. Corp.*, No. 09-C-6114, 2010 WL 1910337, at *2 (N.D. Ill. May 6, 2010). As articulated by one Illinois court, "because of the coextensive nature of the long-arm statute and due process requirements, the first step traditionally employed by Illinois courts in personal jurisdiction analysis, that is, whether the defendant performed any of the acts enumerated in the long-arm statute, is now wholly unnecessary." *Keller v. Henderson*, 359 Ill. App. 3d 605, 611 (2d Dist. 2005). "In other words, the long-arm statute is satisfied when due process concerns are satisfied, regardless of whether the defendant performed any of the acts enumerated in the long-arm statute." *Id.*

Thus, Plaintiff's argument is a red herring. The Illinois long-arm statute does not provide this Court with an independent basis to exercise specific jurisdiction over Inter Miami as Plaintiff seems to argue. Response, pp. 14-15. Rather, the Court must undertake an independent due process analysis as articulated by Inter Miami on pages 6-10 of its Memorandum. *Id; Drake*, 2010 WL 1910337, at *2. The cases cited by Plaintiff do not hold otherwise. *See* Response, p. 15. Regardless of whether federal employment discrimination laws may constitute a "statutory tort", as Plaintiff contends on page 15 of the Response, this Court must still evaluate whether Inter Miami has sufficient contacts with the forum state to meet due process standards for jurisdiction. *Drake*, 2010 WL 1910337, at *2.

"Due process requires that a defendant be hailed into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). In this case, and for the reasons previously articulated herein and the Memorandum, the alleged tortious activity does not establish that Inter Miami has minimum contacts with Illinois in accordance with U.S. Constitutional due process standards. In the Complaint and Response, Plaintiff does not cite to any contacts between Inter Miami and Plaintiff (or the forum state of Illinois) that are not random, fortuitous, or attenuated. Accordingly, Plaintiff's argument relating to the Illinois long-arm statute does not provide this Court with an independent basis to exercise jurisdiction over Inter Miami.

**F. The Court Should Not Exercise Its Discretion to Order Jurisdictional Discovery.**

In a tacit acknowledgment of his lack of evidence and the weakness of his arguments, Plaintiff makes a last-ditch appeal to the Court to order jurisdictional discovery. Where, as here, Plaintiff has failed to make a colorable showing that this Court has personal jurisdiction over Inter Miami, the Court should not exercise its discretion to allow Plaintiff to go an unwarranted and burdensome fishing expedition.

To establish the need for jurisdictional discovery, Plaintiff must advance proof to a "reasonable probability" of the facts necessary to establish personal jurisdiction. *See Marks v. Worldwide Robotic Automated Parking, LLC*, No. 16-cv-8656, 2017 WL 2985757, at *6 (N.D. Ill. July 13, 2017) (citing cases). Courts within the Seventh Circuit have held that a plaintiff who fails to make a "colorable" showing of personal jurisdiction should not be allowed to engage in discovery in an attempt to uncover facts that might support jurisdiction. *See, e.g., Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 782-83 (N.D. Ill. 2009) (finding plaintiff failed to make

a *prima facie* showing permitting jurisdictional discovery and to submit evidence disputing defendant's affidavit establishing it was not subject to personal jurisdiction); *Regency Commercial Assocs. LLC,* No. 3:17-cv-00143-WTL-MPB, 2017 WL 5287168, *6 (N.D. Ind., Nov. 13, 2017) (denying plaintiff's motion to conduct limited, expedited discovery relating to the issue of personal jurisdiction as it relate to jurisdictional and the defendant limited liability company).

"Discovery is not a ticket to an exploration of every conceivable matter that an attorney might pursue." *Id.* In the context of jurisdictional discovery, "…courts will not permit discovery based only upon bare, attenuated, or unsupported assertions of personal jurisdiction or when a plaintiff's claim appears to be clearly frivolous." *Marks*, 2017 WL 2985757, at *6. "When the lack of personal jurisdiction is clear, jurisdictional discovery would serve no purpose and should not be permitted." *John Crane Inc. v. Bartlett*, No. 16-CV-05918, at *27-28 (N.D. Ill. Mar. 23, 2017).

In this case, Plaintiff has not articulated any facts which provide a colorable claim for personal jurisdiction over Inter Miami. Plaintiff has not alleged facts that controvert Inter Miami's declaration in support of a lack of personal jurisdiction. There is no ambiguity in the record that needs to be resolved for the Court to issue a ruling on this issue. Further, the apparent lack of focus in Plaintiff's Response, and his far-reaching grasps at any potential thread relating to jurisdiction, make clear that any potential jurisdictional discovery will be far-ranging, ill-focused, and burdensome. Therefore, the Court should deny Plaintiff's request to conduct unwarranted and burdensome jurisdictional discovery.

## III. CONCLUSION

For the reasons set forth herein, Inter Miami respectfully requests that this Court dismiss it as a defendant from this proceeding for lack of personal jurisdiction or, in the alternative, dismiss Plaintiff's Title VII and IHRA claims for failure to state a claim on which relief can be granted.

Dated: November 21, 2022

Respectfully submitted,

*/s/ Daniel F. Lanciloti*

Attorney for Inter Miami CF, LLC
Craig Robert Annunziata
Daniel F. Lanciloti
James M. Hux, Jr.
FISHER & PHILLIPS, LLP
10 S. Wacker Drive, Suite 3450
Chicago, IL 60606
(312) 346-8061
cannunziata@fisherphillips.com
(312) 580-7806
dlanciloti@fisherphillips.com

**CERTIFICATE OF SERVICE**

The undersigned attorney of FISHER & PHILLIPS LLP, certifies as follows:

That on November 14, 2022, I electronically filed the foregoing **REPLY IN FURTHER SUPPORT OF DEFENDANT INTER MIAMI CF, LLC'S MOTION TO DISMISS**, with the Clerk of the Court using the CM/ECF system, which caused to be served a true and correct copy of same to all counsel of record.

/s/ *Daniel F. Lanciloti*
Daniel F. Lanciloti
*One of the Attorneys for Defendant*
*Inter Miami CF, LLC*