UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
C/A NO. 1:22-CV-02961

RICKY HILL,

      Plaintiff,

v.

AMB SPORTS & ENTERTAINMENT, LLC
(d/b/a : Atlanta United FC); INTER MIAMI CF,
LLC; LAS VEGAS SOCCER LLC (d/b/a Las
Vegas Lights FC); MAJOR LEAGUE
SOCCER, LLC; MEMPHIS 901 FC LLC;
PRODIGAL SOCCER, LLC (d/b/a OKC
Energy FC); TEPPER SPORTS &
ENTERTAINMENT (d/b/a Charlotte FC);
UNITED SOCCER LEAGUES, LLC,

      Defendants.

**DEFENDANT TEPPER SPORTS &
ENTERTAINMENT'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

      COMES NOW the Defendant improperly named as Tepper Sports & Entertainment d/b/a Charlotte FC[1], by and through its undersigned legal counsel, and respectfully submits this Reply in Support of its Motion to Dismiss Plaintiff's Complaint.

I.   <u>**INTRODUCTION**</u>

      On August 26, 2022, Defendant Charlotte FC filed its Motion to Dismiss Plaintiff's Complaint (the "Motion"). (ECF No. 54). That Motion and the accompanying Memorandum in Support asked this Court to "dismiss this action in its entirety as this Court does not have personal jurisdiction over Charlotte FC." (Id.; ECF No. 55, p. 16). In his Memorandum in Opposition to the Motion (the "Response"), Plaintiff only contends that this Court possesses general jurisdiction

---

[1] Plaintiff names Tepper Sports & Entertainment as a defendant doing business as Charlotte FC; however, no such entity as Tepper Sports & Entertainment exists. As set forth more fully in its Motion, DT Soccer, LLC is the entity that does business as Charlotte FC. For purposes of this Reply, unless otherwise indicated, "Charlotte FC" shall refer to the correct entity, DT Soccer, LLC, rather than the non-existent named defendant.

over Charlotte FC due to its membership in Major League Soccer ("MLS"), openness to soccer players and job applicants in Illinois, offering for sale team merchandise in Illinois, and the occasional games Charlotte FC may play in Illinois. In the alternative, Plaintiff requests permission to engage in jurisdictional discovery.  (ECF No. 74, p. 14). However, additional discovery will not change the fact that Charlotte FC, a professional soccer team based in Charlotte, North Carolina and incorporated under the laws of Delaware, is not "at home" in Illinois. General jurisdiction is a high bar that cannot be overcome by the bare and tangential connections Plaintiff alleges.

## II.    ARGUMENT

### A.    This Court lacks specific jurisdiction over Charlotte FC.

Plaintiff has the burden of proving that personal jurisdiction exists. N. Grain Marketing, LLC v. Greving, 743 F.3d 487, 491 (7th Cir. 2014). "Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state." BID, Inc. v. GoDaddy Grp., Inc., 623 F.3d 421, 432 (7th Cir. 2010). "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." Tamburo v. Dworkin, 601 F.3d 693, 702 (7th Cir. 2010). The exercise of specific jurisdiction over a defendant requires a plaintiff to show that the alleged controversy between the parties "arises out of or relates to the defendant's contacts with the forum." Daimler, 134 S.Ct. at 749 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the "random, fortuitous, or attenuated" contacts he makes by

interacting with other persons affiliated with the State." Walden v. Fiore, 571 U.S. 277, 286, 134 S. Ct. 1115, 1123, 188 L. Ed. 2d 12 (2014).

Plaintiff asserts Charlotte FC discriminated against him by not hiring him for its head coach position. In support of his claim, Plaintiff only asserts that his agent emailed agents of Charlotte FC in an effort to have Plaintiff's "resume reviewed and considered for" the head coach position. (ECF No. 74, p. 7). As Plaintiff admits, neither he nor his agent ever formally applied for the position. Id. Moreover, Plaintiff concedes Charlotte FC never responded to his agent's communication or reviewed Plaintiff's resume. Id. Fatally, Plaintiff does not allege Charlotte FC directed any recruiting activities to Illinois in its search for a head coach. Noboa v. Barceló Corporación Empresarial, SA, 812 F.3d 571, 572 (7th Cir. 2016) ("Only intentional contacts by the defendant with the forum jurisdiction can support specific jurisdiction."). In Hurt v. ScriptPro LLC, this Court determined that a resident of Illinois' completion of an online application and participation in a video interview for a Kansas based employer did not create sufficient minimum contacts to establish specific jurisdiction in Illinois. No. 21 C 6511, 2022 WL 3999808, at *1-*2 (N.D. Ill. Sept. 1, 2022). Here, Charlotte, FC possesses less connection to Illinois as it never even interviewed Plaintiff and, therefore, lacks the necessary contacts with Illinois to establish specific jurisdiction.

Plaintiff's argument that the alleged discrimination occurred in Illinois is unpersuasive and contrary to this Court's precedent. In Davis v. Pierce, the plaintiff residing in Illinois applied for a position with an employer, based in Indiana, through an online application. No. 06 C 6886, 2007 WL 9814709, at *1 (N.D. Ill. May 10, 2007). The plaintiff and employer discussed the position by telephone and email, and the employer brought plaintiff to the worksite in Indiana on two occasions. Id. Ultimately, the employer choose a different candidate. Id., at *2. Plaintiff brought

suit and asserted the employer discriminated against him during the hiring process. Id. The employer sought to dismiss due to lack of personal jurisdiction. Id. Plaintiff argued specific jurisdiction existed in Illinois when the employer failed to hire him because the plaintiff resided in Illinois when he received the employer's rejection letter. Id., at *6. This Court rejected that argument, holding "in the specific employment discrimination context currently before the Court, courts must look not to the site of the injury, but to the location of where the decisions and actions regarding the employment practices took place." Id. (internal quotations deleted). As a result, this Court determined "the allegedly discriminatory employment practices occurred in Indiana" and dismissed for lack of personal jurisdiction.

Here, Charlotte FC lack even the limited contacts that existed in Davis case. As with Davis, if any tort was committed, it occurred in North Carolina not Illinois. As such, this Court should conclude there is no specific jurisdiction over Charlotte FC.

> **B.** **Charlotte FC's tangential connections to Illinois are insufficient to establish general jurisdiction.**

"The bar for establishing general jurisdiction is a high one." Viahart LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A", No. 19 CV 8181, 2022 WL 1004412, at *3 (N.D. Ill. Apr. 4, 2022) (Alonso, J). As this Court previously determined, the inquiry "is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State.'" Griffith Lab'ys Inc. v. Kancor Ingredients Ltd., No. 15 C 4391, 2017 WL 514188, at *3 (N.D. Ill. Feb. 8, 2017) (Alonso, J) (quoting Daimler AG v. Bauman, 571 U.S. 117, 138-39 (2014)). A defendant is subject to general jurisdiction only where its contacts with the forum state are so substantial that it can be considered "constructively present" or "at home" in the state. Faxel v. Wilderness Hotel & Resort, Inc.,

No. 19 C 4649, 2019 WL 6467317, at *2 (N.D. Ill. Dec. 2, 2019) (Alonso, J) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). See also Liam Lefebvre v. Washington Univ., No. 20 C 4928, 2021 WL 197388, at *2 (N.D. Ill. Jan. 20, 2021) (quoting Daimler, 571 U.S. at 127).

As previously stated in its Motion, Charlotte FC's principle place of business is in Charlotte, North Carolina. Charlotte FC is incorporated under the laws of Delaware. Charlotte FC does not employee any individuals in Illinois. Charlotte FC does not maintain any offices in Illinois. Charlotte FC does not own any property in Illinois. Nevertheless, Plaintiff asserts general jurisdiction is appropriate here due to Charlotte FC's membership in MLS. Plaintiff further alleges that Charlotte FC, and all other Club Defendants, possess "continuous and systematic" contacts because they recruit staff and players in Illinois, market and sell merchandise, and encourage fans to attend away games at Chicago's Soldier Field. (ECF No. 74, p. 2). However, Plaintiff's argument conflicts with the aforementioned clear and well-established precedent. ("Instead the Due Process Clause allows a court to exercise general jurisdiction over a foreign corporation only when 'its affiliations with the state are so "continuous and systematic" as to render it essentially at home in the forum State.'").

Courts have routinely rejected similar attempts to assert general jurisdiction based on sports clubs' limited contact with foreign jurisdictions. In Senne v. Kansas City Royals Baseball Corp., the court considered whether ten Major League Baseball clubs, all of whom were based and incorporated outside of California, possessed sufficient contacts in California to establish personal jurisdiction. 105 F. Supp. 3d 981, 1017–18 (N.D. Cal. 2015). The court in Senne surveyed cases from divergent jurisdictions and determined the relevant inquiry for sports clubs was whether a "significant portion of their activities" occurred in the forum jurisdiction such that they could

be considered being at home or having a principle place of business in the forum state. Id., at 1017–18. Even accepting that the clubs "engaged in regular travel to California, conducted some business with California, engage in scouting activities in the State, and even have employees who are based [in California]," the court found these activities did not amount to a "significant portion of their activities" and found no basis for general jurisdiction. Id., at 1018. Here, Charlotte FC possesses even less contact to Illinois then the clubs possessed in Senne. As such, this Court should similarly find that there is no general jurisdiction over Charlotte FC in Illinois.

Even accepting Plaintiff's assertions as true for purposes of this Motion, Plaintiff cannot cross the high bar for general jurisdiction. As attested in the affidavit of Charlotte FC's President, Joe LaBue, Charlotte FC does not have any employees in Illinois. (ECF No. 55-1, p. 1). Charlotte FC has no places of business in Illinois. Id. Charlotte FC is not registered to do business in Illinois. Id. Nor is Plaintiff's reference to Charlotte FC's sale of merchandise in Illinois relevant to the general jurisdiction inquiry. In Viahart, this Court rejected a similar argument and held "permitting a defendant's sales in the forum, even if sizable, to establish general personal jurisdiction would stretch the concept beyond reasonable limits." 2022 WL 1004412, at *4; See also Davis v. Billick, No. CIV.A. 301CV1964D, 2002 WL 1398560, at *6 (N.D. Tex. June 26, 2002) (determining "merchandise sales made in a state, like the telecast of NFL games into the state, 'form too slippery a foothold for personal jurisdiction' over a particular NFL team that has no continuous and systematic business contacts with the forum."). Moreover, this Court has already determined that "occasionally participating in sporting events in the state," even when done on a yearly basis, is an insufficient basis for general jurisdiction because the contact is "simply too few in number to be considered permanent and continuous." Ross v. Creighton Univ., 740 F. Supp. 1319, 1324 (N.D. Ill. 1990), aff'd in part, rev'd in part, 957 F.2d 410 (7th Cir. 1992).

Here, Charlotte FC's soccer team plays approximately one game a year at Chicago's Soldier Field. Charlotte FC regularly schedules close to 40 games a year. This is a far cry from "continuous and systematic" contacts. Accordingly, Plaintiff's claims must be dismissed.

### C.   Plaintiff's request for jurisdictional discovery should be denied as it is erroneous.

A plaintiff seeking jurisdictional discovery must advance "proof to a reasonable probability" of the facts necessary to establish federal jurisdiction. Anthony v. Sec. Pac. Fin. Servs., Inc., 75 F.3d 311, 316 (7th Cir. 1996). "However, the Seventh Circuit has cautioned that 'once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction.'" United Wholesale LLC v. Traffic Jam Events, No. 11 C 2637, 2012 WL 1988273, at *1 (N.D. Ill. June 4, 2012) (quoting Purdue Research Foundation v. Sanofi– Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003)). Generally, jurisdictional discovery is only appropriate "if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdictional issue." Id.

Further discovery is unwarranted because the relationship, or lack thereof, between Charlotte FC and Illinois is clear. Charlotte FC is a professional soccer team based in Charlotte, North Carolina, and does not possess the minimum and necessary contacts to be considered "at home" in Illinois. Plaintiff lives in Chicago, Illinois. Plaintiff, through his agent, attempted to contact Charlotte FC in the hopes he would be considered for a head coaching position. Plaintiff's communication with Charlotte FC was unilateral and one-way. Charlotte FC did not communicate with Plaintiff during the relevant time period. Plaintiff does not allege that Charlotte FC directed any recruiting efforts towards him or anyone in Illinois for the head coach position. Furthermore, even if Charlotte FC directed recruiting towards Illinois, the prospective business relationship

would be based in North Carolina, not Illinois, because any head coach for Charlotte FC would be expected to live and work at the team's headquarters and home stadium in North Carolina. The facts are clear and cannot legitimately be disputed. Plaintiff has failed to allege facts establishing general or specific personal jurisdiction over Charlotte FC in Illinois.

Plaintiff's suggested topics for additional discovery are irrelevant and unwarranted. Plaintiff seeks discovery on "business and financial contracts" with other Illinois citizens and Charlotte FC's business relationship with MLS and other co-defendants. Plaintiff's only claim against Charlotte FC is based on not being hired as head coach. Charlotte FC's contracts and relationship with MLS and other co-defendants are wholly irrelevant to Plaintiff's discrimination claim. See Commissioning Agents, Inc. v. Long, 143 F. Supp. 3d 775, 790–91 (S.D. Ind. 2015) (noting the Seventh Circuit has articulated that a plaintiff must allege that defendant directed the purported illegal "conduct at the forum or acted with the purpose of causing harm in the forum state."); Hurt, 2022 WL 3999808, at *1-*2 (resident of Illinois' application and participation in an video interview for a Kansas-based employer did not create sufficient contact to establish specific personal jurisdiction in a failure to hire case). Similarly, Charlotte FC's recruitment activities of players and other personnel and marketing efforts in Illinois are not only irrelevant but also would place an undue burden on all Defendants because, as aforementioned, these activities are inconsequential to the specific jurisdiction consideration. See Viahart, 2022 WL 1004412, at *4; Ruddy, 2011 WL 3584418, at *3-4.

IV.    **CONCLUSION**

For the reasons stated herein, Charlotte FC respectfully requests that this Court deny Plaintiff's requests for jurisdictional discovery and dismiss this action in its entirety as this Court does not possess personal jurisdiction over Charlotte FC.

Respectfully submitted this 21st day of November, 2022.

*s/ Benjamin P. Fryer*
Becky L. Kalas, (IL ARDC #: 6279983)
FORDHARRISON LLP
180 North Stetson Avenue, Suite 1660
Chicago, IL 60601
Telephone:  (312) 332-0777
Facsimile:  (312) 332-6130
bkalas@fordharrison.com

Benjamin P. Fryer (*pro hac vice*)
FORDHARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC  28210
Telephone:  (980) 282-1900
Facsimile:  (980) 282-1949
bfryer@fordharrison.com

*Attorneys for Defendant Tepper Sports &*
*Entertainment d/b/a Charlotte FC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2022, I electronically filed the foregoing DEFENDANT TEPPER SPORTS & ENTERTAINMENT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT with the Clerk of the United States District Court, Northern District of Illinois using the CM/ECF system, which sent notification of such filing to the registered CM/ECF participants.

s/ *Benjamin P. Fryer*
Benjamin P. Fryer