**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | |
|---|---|
| RICKY HILL | ) |
| | ) Case No.: 1:22-cv-02961 |
| Plaintiff, | ) |
| v. | ) District Judge Jorge L. Alonso |
| | ) |
| AMB SPORTS & ENTERTAINMENT, LLC (d/b/a Atlanta United FC); INTER MIAMI CF, LLC; LAS VEGAS SOCCER LLC (d/b/a Las Vegas Lights FC); MAJOR LEAGUE SOCCER, LLC; MEMPHIS 901 FC LLC; PRODIGAL SOCCER, LLC (d/b/a OKC Energy FC); TEPPER SPORTS &ENTERTAINMENT (d/b/a Charlotte FC); UNITED SOCCER LEAGUES, LLC, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**LAS VEGAS SOCCER'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FRCP 12(b)(2) AND 12(b)(6)**

NOW COMES Defendant, LAS VEGAS SOCCER LLC ("Las Vegas Soccer") by and through its attorneys, Koehler Dinkel LLC hereby submits this Reply in Support of its Motion to Dismiss pursuant to 12(b)(2) and in the alternative, 12(b)(6).

Plaintiff filed a combined Response to the eight Motions to Dismiss filed by Defendants. (ECF No. 74 "Response"). In his Response, Plaintiff fails to provide any basis upon which the Court can exercise personal jurisdiction over Las Vegas Soccer and, further, upon which to deny Las Vegas Soccer's motion to dismiss. Plaintiff fails to dispute Brett Lashbrook's declaration, which establishes the lack of personal jurisdiction. Further, Plaintiff ignores the caselaw presented and instead, attempts to amend his complaint through his attorney's review of various websites, which is procedurally improper, lacks foundation, and is not evidence. Even if the attorney's declaration is considered by the Court, Plaintiff ignores the plethora of caselaw establishing that such allegations do not establish personal jurisdiction. Further, given that Plaintiff fails to plead non-speculatory facts that jurisdiction exists, his request to engage in a fishing expedition for

1

alleged jurisdictional discovery should be denied. Additionally, Plaintiff's IHRA claim should be dismissed with prejudice as he concedes and does not oppose Las Vegas Soccer's basis for dismissal; and his remaining claims should be dismissed based on his failure to plead a claim. Thus, this Court should dismiss Plaintiff's Complaint against Las Vegas Soccer in its entirety.

## ARGUMENT
### I. PLAINTIFF FAILED TO ESTABLISH PERSONAL JURISDICTION.

Plaintiff fails to meet his burden of pleading any contacts with Illinois that give rise to personal jurisdiction over Las Vegas Soccer, either general or specific. Thus, the Court should grant Las Vegas Soccer's motion and dismiss it from this lawsuit pursuant to Rule 12(b)(2). *See Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998) (affirming dismissal of complaint due to a lack of personal jurisdiction and finding that on a motion to dismiss plaintiff bears the burden of demonstrating the existence of jurisdiction).

### A. This Court Lacks General Jurisdiction.

Plaintiff fails to provide any legal or factual support in his Response that establishes general jurisdiction over Las Vegas Soccer.[1] Plaintiff must show that defendant maintains "continuous and systematic" contacts with the forum state to establish general jurisdiction. *Id.* at 787. The "constitutional requirement for general jurisdiction is considerably more stringent than that required for specific jurisdiction." *Id.* (internal citation and quotations omitted); *Davis v. Billick,* Case No. 301-CV-1964D, 2002 WL 1398560 at *3 (N.D. Tex. Jun. 26, 2002).

Here, it is undisputed that Las Vegas Soccer has not conducted and does not conduct business nor purposefully directed its activities within the State of Illinois, as it does not own property or assets, compete, or employ individuals within Illinois. (See **Ex.** 1 Declaration of B. Lashbrook 10, 12, 13.). In comparable factual circumstances, where corporations lacked contacts

---

[1] General jurisdiction is permitted only where the company has its place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

in or with the state of Illinois, Courts dismissed claims for lack of personal jurisdiction. *See Rebel Hospitality LLC v. Rebel Hospitality LLC*, No. 21-CV-5132, 2022 WL 797035 at *3 (N.D. Ill. Mar. 16, 2022).[2] In his Response, Plaintiff attempts to make factual allegations as to *Defendants'* contacts with Illinois but fails to provide any precedent that these alleged factors as applied to *Las Vegas Soccer* are sufficient to establish general jurisdiction.[3] In fact, in accordance with the caselaw provided below, Plaintiff's factual allegations, even if true, are not sufficient to meet his burden—warranting dismissal of Plaintiff's Complaint.

      i.    *Plaintiff's Counsel's Declaration Asserts Facts Not Pled In Plaintiff's Complaint, Lacks Foundation, And Even If True, Is Insufficient To Establish Jurisdiction.*

It is evident from his Response, that Plaintiff cannot overcome the lack of personal jurisdiction, as he does not dispute or distinguish the case law cited by Las Vegas Soccer, and he fails to provide any contradictory legal arguments. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018) ("a district court may hold a claim forfeited if a plaintiff fails to respond to the substance of the defendant's motion to dismiss"). In a last-ditch effort to save his claim, and in a failed attempt to meet his burden, Plaintiff's attorney presents a foundation-lacking declaration regarding his review of a third-party website and wikipedia—which is not owned nor managed by Las Vegas Soccer—purporting to allege new facts that are not pled in Plaintiff's Complaint. However, "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Diamond Sawblades Manufacturers' Coalition v. Diamond Tools Tech., LLC*, 504 F. Supp. 3d 927, 945 (S.D. Ind. 2020) (internal citation and quotations omitted).

Further, even if Plaintiff's counsel's declaration statements pertaining to Las Vegas Soccer

---

[2] See pages 6-8 for additional caselaw.

[3][3] Plaintiff's attorney's declaration cannot be used as "evidence" of the facts or to cure the deficient pleading. *Harrell v. United States*, 13 F.3d 232 (7th Cir. 1993) ("plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint.")

3

are considered for purposes of this motion, those "facts" fail to establish personal jurisdiction. First, there are numerous evidentiary issues with the declaration, including foremost that Plaintiff's counsel lacks the required personal knowledge of the statements in his declaration, and it is comprised of legal conclusions, statements of opinion, lacks foundation, and it is not otherwise reliable and/or admissible evidence. (ECF 74-2 ¶2 and Plaintiff Exhibit A); *See* FRE 602; *Calverley v. Careerbuilder, LLC*, No. 13 C 1967, 2015 WL 4450045 at \*2 (N.D. Ill. July 20, 2015) ("Moreover, even if it had been timely submitted, the declaration would not have helped plaintiffs because it is rife with hearsay and speculation."); *Fleishman v. Cont'l Cas. Co.*, No. 09 C 00414, 2011 WL 5866264 at \*4 (N.D. Ill. Nov. 22, 2011) (finding that "[w]ikipedia entry is not admissible evidence" as it is "subject to edits by almost anyone with an internet connection"). Additionally, Plaintiff's counsel's declaration is impermissibly laden with attorney argument stemming from speculative conclusions derived from third party websites, and based upon an alleged internet search regarding matters outside his personal knowledge. *See Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F. Supp. 2d 815, 831 (C.D. Ill. 2010) ("A court may strike from an affidavit any statement that is inadmissible hearsay, speculation or unsupported argument."). Lastly, Plaintiff argues in his response that "all Defendants regularly make job postings to Illinois residents" (ECF 74 ¶8) – contradicting his own counsel's declaration which admits Las Vegas Soccer did not have any job postings at the time he reviewed it. (ECF 74-3 **Ex. A** ¶4). Even so, Plaintiff's counsel's declaration should be disregarded because it is not evidence of any job postings during the duration of Plaintiff's claims.

Additionally, even if the declaration is considered by this Court, case law establishes that the allegations therein fail to establish personal jurisdiction over Las Vegas Soccer. First, Plaintiff ignores well established precedent that the sale of merchandise to the forum state is not a sufficient

basis for establishing personal jurisdiction. *Davis*, 2002 WL 1398560, at *6 (sale of sports merchandise in the forum state is an insufficient basis for establishing personal jurisdiction); *Sullivan v. Tagliabue*, 785 F. Supp. 1076, 1081 (D.R.I. 1992) (holding that . . . selling merchandise in the state is "not the kind [of contacts] which the defendant would reasonably anticipate being haled into court to defend matters totally unrelated to its other contacts with the forum."). As such, Plaintiff attorney's unsupported declaration allegations that Las Vegas Soccer engages in online merchandise sales to Illinois residents is not sufficient to establish general jurisdiction.

Second, Plaintiff ignores well established precedent that national advertising and/or recruiting efforts is not sufficient to establish general jurisdiction. *Roiser v. Cascade Mountain*, *Inc.*, 367 Ill. App. 3d 559, 564 (2006) (corporation's out-of-state advertising activities were insufficient to confer general jurisdiction).[4] As such, the unsupported allegations that Las Vegas Soccer had a national job posting and a Youth Development System is not sufficient to establish general jurisdiction—and Plaintiff fails to provide any caselaw or arguments otherwise. Even if it was sufficient, at no time has Las Vegas Soccer had a Youth Development System. (Ex. 1 ¶17). Steven M. Shebar, Hill's attorney, in Exhibit A of his declaration, uses "https://fcscout.com/north-america/usa/las-vegas-lights-fc/" as a "source", which is not a Las Vegas Soccer authorized or owed website. (Ex. 1 ¶18).

Likewise, Plaintiff fails to provide any substantive caselaw establishing that his 2019 allegations (time period prior to the complaint allegations), regarding Christian Martinez

---

[4] *See also Bryant v. QuiBids LLC*, No. 11-CV-1013, 2012 WL 394154 (N.D. Ill. Feb. 3, 2012); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir. 1987) (no general jurisdiction existed over company that advertised in Texas as part of a national campaign); *Davis*, 2002 WL 1398560, at *6 (contracting with a forum resident for scouting purposes is an "insufficient basis for establishing general jurisdiction over the nonresident professional sports team."); *Russo v. Sea World of Florida, Inc.*, 709 F.Supp. 39, 41–42 (D.R.I. 1989).

("Martinez") are sufficient to establish jurisdiction. In *Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp.3d 981, 1030 (N.D. Cal. 2015) ("*Senne*"), the court found that a baseball franchise could not establish personal jurisdiction even where the franchise conducted ongoing scouting and recruiting of players within the forum, mailed the contract to the player in the forum, knew the player would perform some work in the forum, and the player had a relationship with the forum for three months. In this case, Martinez played with Las Vegas Soccer on a short temporary basis in 2019 and did not play any games in the state of Illinois on behalf of Las Vegas Soccer (**Ex.** 1 ¶ 14), unlike *Senne* where personal jurisdiction was denied even when the player performed some work in the forum. Martinez was never an employee or contractor of Las Vegas Soccer and there are no complaint nor declaration allegations that he performed any work in Illinois or that Martinez was even a resident of Illinois. (**Ex.** 1 ¶ 14). Las Vegas Soccer did not pay Martinez, he was paid through Major League Soccer, which is located in New York. (**Ex.** 1 ¶ 15.) Unlike *Senne*, where the court lacked personal jurisdiction even where the franchise conducted recruiting and mailed the contract to the player in the forum state, Las Vegas Soccer did not recruit, negotiate, or employ Martinez within the state of Illinois, or within any state, at any time. (**Ex.** 1 ¶16). As such, Martinez's short-term engagement with Las Vegas Soccer is completely separate from Chicago Fire.[5] Thus, Plaintiff fails to establish personal jurisdiction on his convoluted theory that because Martinez played for Chicago Fire, that his temporary playing time outside of Illinois on loan to Las Vegas Soccer somehow establishes necessary contacts with Illinois.[6]

Plaintiff also ignores well established precedent that online streaming and broadcasting of

---

[5] *Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction").

[6] Even if there was proper evidence to establish these allegations and personal jurisdiction, Plaintiff's counsel's declaration internet source alleges that the loan transfer took place on August 23, 2019, which is outside the statute of limitations.

matches are not sufficient to establish general jurisdiction. "Where the league itself has no continuous and systematic general business contacts with the forum, and the asserted cause of action is entirely unrelated to telecasts or ticket sales, these transactions themselves form too slippery a foothold to establish personal jurisdiction." *Sullivan*, 785 F. Supp. at 1080 (internal citation and quotations omitted); *Zimmerman v. United States Football League*, 637 F.Supp 46, 48 (D. Minn. 1986) ("Where a plaintiff's cause of action does not arise from television broadcasts into a state, the broadcasts do not constitute sufficient contacts for personal jurisdiction."); *Senne*, 105 F. Supp. at 1018-21 (no general jurisdiction over Out-of-State clubs despite their revenue from internet and television broadcasts into the forum state).

Plaintiff's attorney's factual allegations are insufficient to establish personal jurisdiction. *Sullivan*, 785 F. Supp. at 1080-81 (contacts pled were not sufficient to establish personal jurisdiction even though the NFL maintained credit with a bank in the forum; regulated a training camp in the forum; had players and coaches who traveled through the forum; sold merchandise, radio and television broadcasting rights within the forum; and lobbied the forum legislature); *Donatelli v. Natl. Hockey League*, 893 F.2d 459, 471 (1st Cir. 1990) (no personal jurisdiction where the athletic league had television broadcasts, sold goods, and scouted talent.). "[A]ctivities nationwide . . . are not so continuous and systematic as to render the [Defendant] essentially at home here." *In re National Hockey league Players' Concussion Injury Litigation*, 15-cv-00472, 2019 WL 5079980, at *4 (D. Minn. Oct 10, 2019). Thus, even if the Court entertains Plaintiff attorney's declaration, the alleged nationwide sale of merchandise, recruiting, job postings, and streaming and broadcasting of matches is not sufficient to establish personal jurisdiction. As such, Plaintiff has not met his burden to establish personal jurisdiction, and his attorney's unsupported

declaration does not save his claims from dismissal.[7] Therefore, due to Plaintiff's failure to properly allege facts that could support the contention that Illinois or this Court has general jurisdiction over Las Vegas Soccer, this Court should grant Las Vegas Soccer's Motion to Dismiss.

### B. Plaintiff Fails to Establish Specific Jurisdiction in this Court.

Plaintiff also fails to meet his burden to establish specific jurisdiction, as he fails to plead sufficient facts and ignores the case law cited by Las Vegas Soccer warranting dismissal. "Specific jurisdiction exists when the plaintiff's claim arises directly from, or relates to, the defendant's contacts with the forum." *Sullivan*, 785 F. Supp. at 1079. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (internal citation and quotations omitted).

Plaintiff alleges that Las Vegas Soccer committed a "tortious act" in Illinois, yet he fails to allege any action in Illinois. Plaintiff cites *Williams v. American College of Education, Inc.*, No. 16-cv-11746, 2017 WL 2424227 at *6 (N.D. Ill. Jun. 5, 2017), claiming jurisdiction is proper where the plaintiff felt the alleged discrimination. However, this is an overbroad statement of the case and offends all notions of fair play and substantial justice as jurisdiction does not exist where Plaintiff fails to show that the defendant made minimum contacts with the forum state. In fact, the court in *Williams* found jurisdiction over the defendants where the "situs of material events in relation to plaintiff's Title VII claim" occurred, in other words, where they lived and worked. *Id.* (citing *Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*, No. 11 C 2231, 2012 WL 1886440, at *19 (N.D. Ill. May 22, 2012)); *See also Davis v. Pierce*, 2007 WL 9814709 (N.D. Ill. May 10,

---

[7] "District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Cap. Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

2007) ("courts must look not to the site of the injury, but to the location of where the decisions and actions regarding the employment practices took place.") (internal citations and quotations omitted). As apparently conceded to by Plaintiff in the withdrawal of his IHRA claim, Las Vegas Soccer does not have any employees within the state of Illinois, is not an Illinois "employer" as defined by the IHRA, and does not travel to Illinois for games or any other purpose. (Ex. 1 at ¶¶ 9, 13.) Plaintiff does not allege that Las Vegas Soccer has contacts with Illinois nor that he would be employed in Illinois. To the contrary, Plaintiff pleads in his Complaint that Las Vegas Soccer made no attempt to communicate with him. (Compl. ¶¶ 72, 77, 84, 86.) Additionally, Plaintiff alleges that all events relating to his claim took place in Las Vegas and were initiated only by him and his alleged "representative" Keane. (*See* ECF No. 74-1, ¶10 Keane Declaration, admitting that his contacts with Las Vegas Soccer occurred while he was in Las Vegas.) As such, *Williams* is distinguishable and should be disregarded. Plaintiff fails to plead that Las Vegas Soccer purposefully availed itself of the privilege of conducting business in Illinois or directed any of its activities in Illinois thereby failing to establish a basis for jurisdiction under Illinois long-arm statute.

     Plaintiff insinuates that unsolicited communications to Lashbrook in Las Vegas is enough to establish specific jurisdiction, which is contrary to well-established caselaw holding such communications as insufficient. *Eiler v. S.D. Human Servs. Ctr.*, 736 Fed. App'x 145, 146 (7th Cir. 2018) (court did not have personal jurisdiction over an out-of-state employer where plaintiff failed to show that defendant initiated any contacts, only that she contacted them.); *Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir. 1994) (affirming dismissal of complaint and finding that personal jurisdiction could not rest on an out-of-state defendants' responses to uninitiated and unsolicited phone calls). Additionally, it is insignificant that Plaintiff alleges there was more than one phone

call, the "crucial inquiry involves whether the contacts suggest that the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Davis*, 2002 WL 1398560 at *5 (internal citations and quotations omitted). Even so, as stated above, courts have held that communications initiated by the plaintiff from the forum state to a nonresident defendant are insufficient. Plaintiff alleges that his "representative" Keane visited Las Vegas "asking for an opportunity to meet", there are no allegations that Las Vegas Soccer visited Illinois nor even so much as contacted Hill, his "friend" or his "representative" in Illinois. (Compl. ¶ 85.) As such, there is no link between Las Vegas Soccer and Illinois requiring dismissal for lack of personal jurisdiction.

Similarly, Plaintiff cites to *Real Colors, Inc. v. Patel*, 974 F.Supp. 645, 652 (1997), stating that a "call can give rise to jurisdiction in Illinois . . . if the call constitutes the commission of a tortious act within Illinois." This argument fails because (i) contrary to Plaintiff's argument, the court in *Real Colors* found that the one telephone call was insufficient to establish minimum contacts; and (ii) Plaintiff failed to identity any action taken by Las Vegas Soccer within Illinois and instead admits Las Vegas Soccer never communicated with Plaintiff or his representatives or friends within Illinois or any state. *Id.* Further, Plaintiff cites *Snyder v. Smith*, 736 F.2d 409, 416 (7th Cir. 1984)[8], for the proposition that a "single tortious act committed in Illinois confers jurisdiction under the statute, as long as the acts giving rise to the claim are the same acts conferring jurisdiction." (ECF No. 74). Here, however, Plaintiff fails to identify any act taken by Las Vegas Soccer "giving rise to the claim" in Illinois. To the contrary, Plaintiff pleads Las Vegas Soccer made no attempt to communicate with him. (Compl. ¶¶ 72, 77, 84, 86.). Thus, this argument is

---

[8] *Felzen v. Andreas*, 134 F.3d 873, 877 (7th Cir. 1998) overruled *Snyder* stating that "a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists."

non-sensical and sheds further light on the lack of personal jurisdiction over Las Vegas Soccer, warranting its dismissal from the entire complaint.

### C. This Court Should Deny Plaintiff's Request for Jurisdictional Discovery.

Plaintiff's request for jurisdictional discovery—while at the same time attempting to respond to the arguments—should be denied. *In re Honey Transshipping Litig.*, 87 F. Supp. 3d 855, 874 (N.D. Ill. 2015) ("a request for jurisdictional discovery buried in a response brief, rather than presented properly as a motion, guarantees that the request will not come to the court's attention until the court is fully engaged in deciding the motion to dismiss. At that point, the request comes too late."); *Sprague v. Brook*, 149 F.R.D. 575, 578 (N.D. Ill. 1993) (granting motion to stay where discovery was unlikely to produce relevant facts to defeat the motion to dismiss.) Plaintiff admits that "[a] party must make a *prima facie* showing with some competent evidence demonstrating that jurisdiction might exist in order to be entitled to jurisdictional discovery." *Regency Com. Assocs. LLC v. Action 49 Junction I, LLC*, No. 317-CV-00143WTLMPB, 2017 WL 5287168, at *3 (S.D. Ind. Nov. 13, 2017). Without "a prima facie case, discovery would only harass the defendants and force the Court to preside over discovery in a case over which it lacks jurisdiction." *RGT Holdings, Inc. on behalf of Ticket Reserve, Inc. v. Harmon*, No. 16-CV-05457, 2017 WL 959020, at *4 (N.D. Ill. Mar. 13, 2017). Here, Plaintiff fails to show any competent evidence that jurisdiction might exist. Thus, since Plaintiff responded to the motion to dismiss without discovery (and absent a motion for discovery), and his brief establishes discovery would not save his case, his request should be denied.

Moreover, even if discovery is allowed at this stage, the information he seeks is not sufficient to establish personal jurisdiction and discovery efforts on those facts would be futile. *See Regency Com. Assocs. LLC*, 2017 WL 5287168, at *3, (denying plaintiff's request for jurisdictional discovery where plaintiff failed to make a prima facie case that jurisdiction might

11

exist and, thus, the discovery requested was irrelevant). In part, Plaintiff seeks discovery relating to the recruitment of players, merchandising, and marketing activities which, as established above, is insufficient to establish personal jurisdiction.[9] Additionally, Plaintiff seeks discovery relating to Las Vegas Soccer's relationship with a third party, which is not a sufficient basis for jurisdiction. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State"). Lastly, to the extent Plaintiff seeks a wide range of discovery relating to Las Vegas Soccer's alleged dealings in Illinois, the request is nothing more than a fishing expedition as Plaintiff fails to allege Las Vegas Soccer has contracts or connections in Illinois that would justify such discovery. *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968) (limitations on pre-trial discovery is proper if additional discovery would merely amount to a fishing expedition). Plaintiff's request for discovery is futile and would result in unnecessary and burdensome costs to Las Vegas Soccer. Therefore, the Court should deny Plaintiff's discovery request.

## II. IN THE ALTERNATIVE, LAS VEGAS SOCCER SHOULD BE DISMISSED FROM THIS ACTION DUE TO PLAINTIFF'S FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6).

### A. Plaintiff Concedes That His IHRA Claim Against Las Vegas Soccer Fails and Abandons It.

Plaintiff concedes to Las Vegas Soccer's arguments that his IHRA claims fail because he failed to exhaust his administrative remedies and cannot show any action by Las Vegas Soccer in the forum, thereby failing to meet his burden of showing that Las Vegas Soccer was an "employer" as defined by the IHRA. Although Plaintiff did not file a proper motion for a voluntary dismissal

---

[9] Plaintiff cites to *Guaranteed Rate, Inc. v. Rorvig,* No. 22 CV 2342, 2022 WL 4182436 at *3 (N.D. Ill. Sept. 13, 2022) and *Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009) in purported support of his claim for jurisdictional discovery. However, both courts agreed that "a plaintiff may not rely on 'bare,' 'attenuated,' or 'unsupported assertions' of jurisdiction to justify discovery." *Guaranteed Rate, Inc.*, 2022 WL 4182436 at *3; *See also Gilman Opco LLC v. Lanman Oil Co.*, No. 13-CV-7846, 2014 WL 1284499 (N.D. Ill. Mar, 28, 2014).

(likely to avoid the payment of attorneys' fees[10]), Plaintiff asks the Court to accept his voluntary dismissal. Thus, the Court should grant Las Vegas Soccer's motion to dismiss the IHRA claim with prejudice. *Hall v. Vill. of Flossmoor Police Dep't*, No. 11-CV-5283, 2012 WL 379902, *3 (N.D. Ill. Feb. 1, 2012) (dismissed with prejudice "by virtue of the fact that it has gone unopposed"); *Anderson v. Centers for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959-60 (N.D. Ill. 2012) (court dismissed IHRA claim with prejudice for failure to exhaust administrative remedies which could not be cured). As such, there is no dispute that Plaintiff's IHRA claim should be dismissed with prejudice.

### B. Plaintiff's Allegations are Time-Barred In Part.

Plaintiff concedes that his Title VII claims are time barred to the extent they are based on events that took place more than 300 days prior to November 2021, and that his §1981 claims are time barred prior to November 2019, two years prior to the filing of this case by stating that "at least one allegedly actionable event took place within the requisite timeframe for both Title VII and Section 1981 claims." (ECF No. 74). Therefore, all factual allegations outside the statute of limitations should be disregarded by the Court.[11] In an attempt to avoid dismissal, Plaintiff for the first time in his Response attempts to bring a "pattern-or-practice claim" as to Las Vegas Soccer. As stated above, Plaintiff cannot amend his complaint in a response brief. *Obazuaye v. Ill. Dep't of Hum. Servs.*, No. 21-cv-03132, 2021 WL 5204700, at *2 (N.D. Ill. Nov. 9, 2021) ("plaintiff

---

[10] In the event this Court dismisses Plaintiff's claims without prejudice, the court should award Las Vegas Soccer's attorney's fees and costs for having to defend against what Plaintiff now concedes and what was within Plaintiff's knowledge prior to filing his Complaint. *See Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 737 F.3d 465 (7th Cir. 2013) (held plaintiff should reimburse "some or all of defendant's expenditures in litigating the jurisdictional issue."); *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985) ("Rule 41(a)(2) permits the district court to condition a voluntary dismissal without prejudice on payment of attorneys' fees to the defendant.").

[11] Plaintiff's counsel's allegations in his declaration, that are outside the statute of limitations, including the claims relating to Christian Martinez, should be disregarded.

13

cannot amend his complaint through briefs in response to a motion to dismiss."); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984). Plaintiff fails to provide any substantive arguments that a "pattern-or-practice claim" is viable in this case.[12] Additionally, Plaintiff failed to exhaust his administrative remedies regarding this newly alleged "pattern-or-practice claim" by not including it in his EEOC charge. Thus, Plaintiff's time-barred claims should be dismissed.

### C. Plaintiff Failed to Plead a Cause of Action For All Claims.

As outlined in its Memorandum of law, Plaintiff fails to plead the second and third elements for a discrimination cause of action on any basis, and thus, his Complaint should be dismissed pursuant to Rule 12(b)(6). In Response (ECF No. 74 at 34), Plaintiff reiterates the allegations in his Complaint—namely, that he was "well qualified" and that Keane asked "for an *opportunity* to meet" to discuss "*potential consideration*" which, even if substantiated, are nothing more than showing a general interest, not an application for employment. *See Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 919-20 (7th Cir. 2000) (to establish a failure to hire claim, "the employee must do more than show a general interest in obtaining some job") (internal quotations omitted); *Dixon v. CMS of Ill.*, No. 14-cv-04986, 2015 WL 6701771, at *2-3 (N.D. Ill. Nov. 3, 2015) (dismissing failure to hire claim where plaintiff failed to provide factual allegations). Plaintiff continually fails to plead that he *applied* for the position in question and that he was *rejected*—which are required in order to withstand a motion to dismiss.[13] *See Remus v. Village of Dolton*, 15 CV 5066, 2016 WL 1463616 at *3 (N.D. Ill. Apr. 14, 2016) (granting motion to dismiss complaint, based on a

---

[12] Plaintiff cites sexual harassment pattern-or-practice claims which are distinguishable and should be disregarded. *See Equal Empl. Opportunity Commn. v. Simply Storage Mgt., LLC*, 109CV01223TWPDML, 2010 WL 11583154 (S.D. Ind. Sept. 7, 2010); *E.E.O.C. v. Wyndham Worldwide Corp.*, C07-1531RSM, 2008 WL 4527974 (W.D. Wash. Oct. 3, 2008); *E.E.O.C. v. Dial Corp.*, No. 99 C 3356, 2001 WL 1945088 (N.D. Ill. Dec. 27, 2001).

[13] *See also Wilson v. Ne. Reg'l Commuter R.R. Corp.*, No. 03 C 3110, 2003 WL 22736350, *2 (N.D. Ill. Nov. 19, 2003); *Payne, et al. v. Abbott Laboratories*, 999 F. Supp. 1145, 1152 (N.D. Ill. 1998).

failure-to-hire claim, where plaintiff failed to allege that he applied for a position). Additionally, Plaintiff fails to provide any substantive caselaw or facts to support his claim for aiding and abetting and ignores precedent within Las Vegas Soccer's motion to dismiss refuting his claim.[14] Accordingly, Plaintiff's Title VII and section 1981 claims should be dismissed as to Las Vegas Soccer.

### III. CONCLUSION

For the reasons stated in Las Vegas Soccer's Memorandum of Law in Support of its Motion to Dismiss and herein, Las Vegas Soccer respectfully requests that the Court dismiss all claims pled against it pursuant to Rule 12(b)(2) due to lack of personal jurisdiction and deny Plaintiff's request for jurisdictional discovery. Alternatively, should the Court otherwise exercise personal jurisdiction over Las Vegas Soccer, it respectfully requests pursuant to Rule 12(b)(6), that the Court (i) dismiss with prejudice, Plaintiff's admittedly meritless IHRA claim; (ii) dismiss all counts of Plaintiff's Complaint to the extent such claims are time-barred; and (ii) dismiss all counts for failure to plead the necessary elements to state a cause of action.

DATED: November 21, 2022          Respectfully submitted,

By: /s/ Renée L. Koehler
Renée L. Koehler, Esq.
Koehler Dinkel LLC
900 S. Frontage Rd., Suite 300
Woodridge, Illinois 60517
Telephone: (630) 505-9939
Email: rkoehler@kdllclaw.com
**ATTORNEY FOR DEFENDANT LAS VEGAS SOCCER**

---

[14] The Seventh Circuit has consistently dismissed complaints based on collective allegations. *Bank of America, N.A. v. Knight*, 725 F.3d 815 (7th Cir. 2013). Even so, Plaintiff's aiding and abetting claims under Title VII and §1981 should be dismissed as neither statute recognizes such a claim. *Aku v. Chicago Teachers Union*, 17 CV 1229, 2017 WL 8186993 at *3 (N.D. Ill., Dec. 12, 2017) (Title VII actions.); *Raghavendra v. N.L.R.B.*, 08 CIV 8120, 2009 WL 5908013 at *22 (S.D.N.Y., Aug. 27, 2009) (1981 actions).

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 21, 2022, she electronically filed the foregoing **LAS VEGAS SOCCER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(2) AND FRCP 12(b)(6) IN ITS ENTIRETY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

STEVEN M. SHEBAR
SHEBAR LAW FIRM
0N370 Fanchon St.
Wheaton, IL 60187
Email: steveshebar@shebarlaw.com

LISA K. SHEBAR
LAW OFFICE OF LISA K. SHEBAR
110 N. Gables Blvd.
Wheaton, IL 60187
Email: lisa.shebar@gmail.com

BECKY L. KALAS
FORD & HARRISON LLP
180 N. Stetson Ave., Suite 1660
Chicago, IL 60601
Email: bkalas@fordharrison.com

MICHAEL A. WARNER, JR.
FRANCZEK PC
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
Email: maw@franczek.com

DANIEL F. LANCILOTI
FISHER & PHILLIPS LLP
10 S. Wacker Dr., Suite 3450
Chicago, IL 60606
Email: dlanciloti@fisherphillips.com

CRAIG R. ANNUNZIATA
FISHER & PHILLIPS LLP
10 S. Wacker Dr., Suite 3450
Chicago, IL 60606
Email: cannunziata@fisherphillips.com

SEAN M. LIBBY
ELARBEE, THOMPSON, SAPP & WILSON, LLP
229 Peachtree Street, NE, Suite 800
Atlanta, GA 30309
Email: libby@elarbeethompson.com

BENJAMIN L. RIDDLE
STEPTOE & JOHNSON PLLC
700 N. Hurstbourne Parkway, Suite 115
Louisville, KY 40222
Email: benjamin.riddle@steptoe-johnson.com

JAMES. M. ROZAK
GOLDBERG SEGALLA, LLP
222 West Adams Street, Suite 2250
Chicago, IL 60606
Email: jrozak@goldbergsegalla.com

BENJAMIN P. FRYER
FORD & HARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Email: bfryer@fordharrison.com

ALEXANDRIA S. HUISKENS
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, IL 60606
Email: huiskens@litchfieldCavo.com

PATRICK J. RUBERRY
CARRIE A. DURKIN
LITCHFIELD CAVO LLP
303 W. Madison, Suite 300
Chicago, IL 60606
Email: durkin@litchfieldCavo.com

| | |
|---|---|
| STEVEN J. PEARLMAN<br>PROSKAUER ROSE LLP<br>70 W. Madison, Suite 3800<br>Chicago, IL 60602<br>Email: spearlman@proskauer.com | LAURA B. BACON<br>NIXON PEABODY LLP<br>70 W. Madison, Suite 5200<br>Chicago, IL 60602<br>Email: lbbacon@nixonpeabody.com |
| ANGIE C. DAVIS<br>BAKER, DONELSON, BEARMAN,<br>CALDWELL & BERKOWITZ, PC<br>165 Madison Ave., Suite 2000<br>Memphis, TN 38103<br>Email: angiedavis@bakerdonelson.com | KAMAU COAR<br>NIXON PEABODY LLP<br>70 W. Madison, Suite 5200<br>Chicago, IL 60602<br>Email: kcoar@nixonpeabody.com |
| NOA M. BADDISH<br>PROSKAUER ROSE, LLP<br>Eleven Times Square<br>New York, NY 10036<br>Email: nbaddish@proskauer.com | DEAN J. SHAUGER<br>BAKER, DONELSON, BEARMAN,<br>CALDWELL & BERKOWITZ, PC<br>165 Madison Ave., Suite 2000<br>Memphis, TN 38103<br>Email: dshauger@bakerdonelson.com |
| ELISE M. BLOOM<br>PROSKAUER ROSE, LLP<br>Eleven Times Square<br>New York, NY 10036<br>Email: ebloom@proskauer.com | MICHAEL A. FURLONG<br>STEPTOE & JOHNSON, PLLC<br>101 Park Avenue, Suite 1300<br>Oklahoma City, OK 73102<br>Email: michael.furlong@steptoe-johnson.com |
| JAMES M. HUX, JR.<br>FISHER & PHILLIPS LLP<br>10 South Wacker Drive, Suite 3450<br>Chicago, Il 60606<br>Email: jhux@fisherphillips.com | |

By:     /s/ Renée L. Koehler
            Renée L. Koehler, Esq.
            Koehler Dinkel, LLC
            900 S. Frontage Road, Suite 300
            Woodridge, Illinois 60517
            Telephone: (630) 505-9939
            E-mail: rkoehler@kdllclaw.com